No. 45,210 and No. 45,292

DAVID W. CARSON, *Appellant,* v. JOSEPH H. McDOWELL, Mayor; EARL B. SWARNER, Commissioner of Finance and Public Property; JOSEPH REGAN, Commissioner of Boulevards and Parks; THE CITY OF KANSAS CITY, KANSAS, and MEADOW OAKS COUNTRY CLUB, INC., Intervenor, *Appellees.*

(452 P. 2d 828)

Opinion filed April 12, 1969.

*John H. Fields,* of Kansas City, argued the cause, and was on the briefs for the appellant.

*Robert H. Bingham,* of Kansas City, argued the cause, and *Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for the appellees.

*C. W. Brenneisen, Jr.,* of Kansas City, was on the briefs for the city and commissioners of Kansas City, Kansas.

*Richard L. Reid* was on the briefs for Meadow Oaks Country Club, Inc., intervenor and appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from the judgments in two consolidated cases (Nos. 45,210 and 45,292) in which the district court approved two ordinances changing zoning in the city of Kansas City, Kansas.

As the cases are to be decided on the procedural sufficiency to vest the city with jurisdiction to make the zoning change in each case the general facts may be abbreviated.

On December 14, 1965, the city annexed most of the territory east of the eastern boundary of the Canterbury additions. The annexed territory automatically assumed a single family zoning. The territory included the two tracts in controversy.

Following the filing of two separate petitions for a change of zoning the City Planning Commission first published on December 21, 1965, notices separately covering the two tracts in controversy. The notices, which were the same, except for the descriptions, read:

"Notice is hereby given that the Planning Commission of Kansas City, Kansas will hold a public hearing on the 10th day of January, 1966, at 7:30 p. m., in the City Hall Auditorium of Kansas City, Kansas, upon the petitioned change of zone from "C" single family District to "E-1" office & professional District on the following described property: [tract described]

"Tentative recommendation of the City Planning Commission—Approve. All persons interested in said premises and all persons owning property in said neighborhood who desire to be heard, either for or against such rezoning, are invited to appear at the time and place above mentioned."

It will be noted that the first publication was on December 21, 1965, and the hearing was held on January 10, 1966. There were but nineteen "clear days" between the first publication and the day of hearing. The case before us involves a proposed change in zone. K. S. A. 1965 Supp. 12-708 provided for zoning and change of zoning. It also provides for publication notice in the following language:

". . . The secretary of the planning commission shall cause a notice of such public hearing [on original zoning recommendations] to be published once in the official city newspaper and *at least twenty* (20) *days shall elapse between the date of such publication and the date set for hearing.* . . . The governing body may from time to time amend, supplement or change the boundaries or regulations contained in such zoning ordinance. . . . All such proposed changes shall first be submitted to the city planning commission for recommendation and report. Upon the development of tentative recommendations, the planning commission shall hold a public hearing thereon and shall cause an accurate written summary to be made of the proceedings, and

*shall give notice in like manner as that required for the original zoning recommendations.* Such notice shall fix the time and place for such hearing . . ." (Emphasis supplied.)

The appellant contends that the provision "at least twenty (20) days shall elapse between the date of such publication and the date set for hearing" means twenty clear days, and since the notices provided for only nineteen clear days the appellees were without jurisdiction rendering the zoning ordinances null and void.

We are forced to agree with appellant's contention.

Where a statute requires that a thing be done "at least" or "not less than" so many given days before a fixed time, it means that the given number of "clear days" must elapse between the two terminal days.

Here we have even more than "at least"; we have the additional provision that the twenty days "shall elpase" between the date of publication and the date set for hearing. However, we do not consider the use of the phrase "shall elapse" as necessarily controlling our decision in this case.

Our decisions at one time may have left some confusion as to the computation of time where the words "at least" or "not less than" were used. (*City of Wichita v. Robb,* 163 Kan. 121, 179 P. 2d 937; *State, ex rel., v. Miami County Comm'rs,* 168 Kan. 723, 215 P. 2d 631; *State, ex rel., v. Schmidt,* 182 Kan. 593, 322 P. 2d 772.) However, any confusion which arose from the conflicting opinions was completely dispelled by *Baugh v. Rural High School District,* 185 Kan. 123, 340 P. 2d 891, dealing with statutory notice of school bond elections and it was held:

"The provisions of the foregoing statute requiring the first publication to be *not less than twenty-one days* prior to such election, are construed and held to mean that twenty-one clear days must intervene between the date of first publication in the newspaper and the date of the bond election. In computing the time both the first day of publication and the day of the election are to be excluded. The statutory rule of computation prescribed in G. S. 1949, 60-3819 and 3819a, which directs the exclusion of the first day and the inclusion of the last in computing the time *within* which an action is to be done, does not apply." (Syl. 2.)

In the *Baugh* case we dealt with the words "at least" and "not less than" stating at page 133 of the opinion:

"It could not be successfully argued that the legislature intended different meanings to attach to the terms "at least" and "not less than" when it used each of these expressions in both sections of the statute presently the subject of discussion.

"We therefore hold the provisions of G. S. 1957 Supp., 72-2018, which require notice of a bond election in a school district to be by publication in a newspaper, the first publication to be *not less than twenty-one days prior to such election,* mean twenty-one clear days must intervene between the date of first publication in the newspaper and the date of the bond election. In computing the time both the first day of publication and the day of the election are to be excluded. . . ."

The cases from other jurisdictions are somewhat divided on computation of time when the words "at least" or "not less than" are used (98 A. L. R. 2d 1364, *et seq.*) but when applied to notice of a zoning proposal, the words are generally construed by other jurisdictions to require "clear days" between the two terminal days. (96 A. L. R. 2d 513.)

Although the question is not briefed, the appellees suggested on oral argument that the issue is controlled by K. S. A. 60-206 (*a*) which provides that in computing time, the day of the act or event from which the period of time begins to run shall not be included but the last day of the period so computed is to be included if "the method for computing such time is not otherwise specifically provided."

The answer to that argument is that the method for computing such time was otherwise provided when the legislature placed in K. S. A. 1965 Supp. 12-708 the provision that "at least twenty (20) days shall elapse between the date of such publication and the date set for hearing."

Statutes similar to K. S. A. 60-206 (*a*) were in existence when the issues in *Baugh v. Rural High School District,* supra, were framed and the opinion written. At page 130 of the opinion we stated:

"The statutes, G. S. 1949 [now K. S. A.], 60-3819 and 60-3819a, provide a method of computing time where the statute prescribes a time *within which* an act is to be done. These statutes have been held to have no application where a minimum time is required and the words 'at least' or 'not less than' are employed."

Appellees most seriously contend that absent any claim or showing of prejudice the appellant cannot complain of the defective notice. They further suggest that there was no claim made that appellant was deprived of any right to be heard or that he was unaware when the proceeding was to take place.

It should be noted that the notice, required by the statute, was addressed to, and for the benefit of, the general public in the area.

It was not for the special benefit of the appellee. This issue presents the single question—*is the statute merely directory or is it mandatory and jurisdictional?* We conclude that it is mandatory and must be complied with in order to give the planning commission power to officially recommend a change in zoning and the city commission jurisdiction to pass the ordinance.

In *Ford v. City of Hutchinson*, 140 Kan. 307, 37 P. 2d 39, we stated at page 311 of the opinion:

"The power of the city government to change the zoning of property can only be exercised in conformity with the statute, . . .

. . . . . . . . . . . . . .

"The potency of the statute and of a city ordinance passed in conformity therewith has been repeatedly emphasized by the court. Without the statutory notice for thirty days of a hearing before the planning board, it has no power to give its official recommendation of a proposed change in zoning, and the city government is without power to pass an ordinance making such change. (*Armourdale State Bank v. Kansas City*, 131 Kan. 419, 292 Pac. 745; 43 C. J. 333, 344, 345.)"

In *Carp v. Board of County Commissioners*, 190 Kan. 177, 373 P. 2d 153, it is stated at page 179 of the opinion:

"It is elementary law that powers granted to municipal corporations are strictly construed, and this has been applied to the area of zoning. . . ."

What we have said appears to be in harmony with the general rule which is stated in 96 A. L. R. 2d 469, as follows:

"Most statutes requiring notice as a prerequisite to the adoption or amendment of a zoning ordinance specify the manner and form in which the notice is to be given. Such statutes are generally construed strictly in these respects so that under the rule that proper notice is mandatory and jurisdictional, a zoning ordinance enacted on defective notice is generally held invalid."

The provision for notice not having been complied with the city commission was without jurisdiction to pass the zoning ordinance and it is therefore void.

The judgment is reversed.

APPROVED BY THE COURT.