543 P.2d 434

**The STATE of Arizona, Appellee,**

**v.**

**Rennia WRIGHT, Jr., Appellant.**

**No. 3247.**

Supreme Court of Arizona, In Banc.

Dec. 8, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Stanley L. Patchell, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Edmund T. Allen III, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from a conviction for sale of heroin, AR.S. § 36–1002.02, with a prior conviction, A.R.S. §§ 13–1649 and 1650, and a sentence of not less than 10 nor more than 20 years in the Arizona State Prison.

Defendant raises the following questions on appeal:

1. Was the defendant denied his right to a speedy trial?

2. Was defendant denied due process of law or subjected to double jeopardy by being retried after two mistrials, one of which was caused by improper testimony of a prosecution witness?

3. Was defendant properly charged and adjudged guilty of a prior conviction?

The facts necessary for the determination of this case are as follows. Defendant Rennia Wright, Jr., was arrested on 2 October 1973 for the sale of a "balloon" of heroin to Officer Jan Marshall. After a preliminary hearing defendant was held to answer and was arraigned in the Superior Court of Maricopa County on 17 October 1973.

On 31 October 1973, the State moved to add an allegation of prior conviction which motion was granted. After considerable delay; a petition for special action in this court, see *Wright v. Superior Court In &*

*For the County of Maricopa,* 110 Ariz. 265, 517 P.2d 1261 (1974); a plea of guilty, later withdrawn; and 2 mistrials, the defendant was, on 22 July 1974, convicted and adjudged guilty of sale of heroin with a prior conviction from which he appeals.

## SPEEDY TRIAL

Defendant was arraigned in Superior Court on 17 October 1973. Since the time between arrest and arraignment was less than 30 days, he had 60 days to be tried less excluded time as long as he remained in custody. Rule 8.2(b), Rules of Criminal Procedure 1973.

On 2 November the defendant, in pro per, filed a petition for writ of habeas corpus in the Superior Court which was not heard and ruled upon until 8 November 1973, a total of 6 days.

On 21 November 1973, at the omnibus hearing, the following transpired:

"THE COURT: Mr. Dove, are you willing at this time to reveal the name of your alibi witness?

"MR. DOVE: No, I am not.

"THE COURT: I understand, gentlemen, from an informal discussion that Mr. Dove wishes to take this matter to the Court of Appeals or to the Supreme Court for a decision on the applicability of Rule 15.1 in light of *Wardius versus Oregon.*

"MR. DOVE: That is correct.

"THE COURT: For the sole purpose of pursuing that remedy, Mr. Dove, I will vacate the remainder of this hearing if you request it, and continue this matter until a week or so to give you an opportunity to take this matter to the Supreme Court.

"MR. DOVE: In that case, I would request that you vacate the remainder of this hearing to allow the defendant to pursue this action to the Appellate Court or Arizona Supreme Court to allow that Court to make a final decision of apparent conflict

between the Supreme Court decision on *Wardius* and the Arizona Rules of Criminal Procedure 15.1."

On 18 December 1973 we accepted jurisdiction of the special action which we decided adversely to defendant in an opinion dated 9 January 1974. We issued our mandate to the Superior Court on 28 January 1974, thereby ordering the court to proceed with the case in accordance with our opinion.

Thereafter, on 5 February 1974, the case was set down for trial on 26 March 1974. On 26 February 1974 the State moved for acceleration of the trial date to 27 February 1974 which motion was granted. The defendant moved for continuance because of the illness of the defendant's trial counsel and the court reset the trial back for 26 March 1974.

Subsequently the trial was again continued to 10 April 1974, at which time, after the jury had been selected, the defendant, pursuant to a plea agreement, plead guilty to the charge of sale of heroin and the jury was dismissed. On 9 May 1974, however, defendant moved to withdraw his guilty plea. The motion was granted and a new trial date of 12 June 1974 was set.

Defendant argues that the court should have dismissed the charges against him on the ground that trial was not held within the time limits prescribed by Rule 8.2, Arizona Rules of Criminal Procedure 1973. Rule 8.2 provides in part as follows:

"b. *Defendants in Custody.* Every person held in custody in this state on a criminal charge shall be tried by the court having jurisdiction of the offense within 90 days from the date of his initial appearance before a magistrate on the complaint, indictment, or information, or within 60 days from the date of his arraignment before the trial court, whichever is the lesser."

Since arraignment was held on 17 October 1973, 15 days after the initial appearance, the earlier of the two dates specified in the rule would have been 16 December

1973, or 60 days after arraignment. However, both parties agree that defendant was responsible for two periods of delay, during which the running of the 60 day period was tolled, although there is disagreement as to the length of that delay. See Rule 8.4, Arizona Rules of Criminal Procedure 1973.

Defendant was clearly responsible for the 6 days which elapsed from 2 November 1973 when he filed his writ of habeas corpus, until 8 November 1973 when the writ was denied. In addition, he was responsible for the 68 day period of delay caused by his petition for special action. This latter period ran from 21 November 1973 when the petition was filed, until the issuance of our mandate which allowed the case to proceed on 28 January 1974. See Rule 9, Arizona Rules of Procedure for Special Actions.

The 60 day limit under Rule 8.2 was thus extended a total of 74 days; the last day upon which trial could have been held was 28 February 1974. Since the court in its order of 26 February 1974 set the trial date of 27 February, the requirements of Rule 8.2 were satisfied.

■ Defendant argues, however, that the court acted improperly in accelerating trial to 27 February. We disagree. 28 February was the last day on which the matter could be timely set according to the Rules of Criminal Procedure 1973, Rule 8.-2(b). On 26 February the defendant moved according to Rule 8.5 for a continuance, and a reading of the motion indicates that it was properly made and granted as was the second motion for continuance which was based on the illness of defendant's counsel. Other delays occasioned by defendant's plea of guilty, later withdrawn, and two mistrials account for the delay.

We find no error.

## DOUBLE JEOPARDY

■ During redirect examination at the first trial, on 12 June, Officer Marshall, when asked over defense objection "Why would you like to see the defendant con-

victed?", replied "Rennia Wright is a heroin dealer and he sells heroin to numerous people." Although the court gave a cautionary instruction, defendant moved for a mistrial on the basis of Officer Marshall's testimony. The court first denied the motion, but reversed its decision on the following day when the State indicated its agreement that a mistrial should be granted. The second trial on 18 July resulted in a mistrial when the jury failed to reach agreement.

Defendant argues that by being tried for the third time, he was subjected to double jeopardy in violation of the Fifth Amendment to the United States Constitution and Art. 2, § 10 of the Arizona Constitution, and was denied due process of law. Citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Muller v. State,* 478 P.2d 822 (Alaska 1971), defendant asserts that since the first mistrial was caused by the testimony of the arresting officer, it was fundamentally unfair for him to be tried again.

None of the authorities cited by defendant support his position, however. *Ashe v. Swenson, supra,* dealt with collateral estoppel after acquittal rather than double jeopardy and is thus clearly inapplicable to the present facts. In *Muller v. Alaska,* supra, the Alaska court recognized that the defense of double jeopardy may be available in certain situations stating:

"There may be instances, however, where double jeopardy will preclude a second trial. There is nothing absolute in the law, and, like all rules, the rule permitting reprosecution of a defendant where his mistrial was declared pursuant to a manifest necessity is not flawless. Ultimately, our inquiry must be directed to the question whether a retrial would result in the kind of harassment and oppression against which the double jeopardy provision is meant to protect.

"Instances of deliberate prosecutorial misconduct are particularly subject to scrutiny. Oppression will be most acute where a prosecutor deliberately precipi-

tates a mistrial in a case which is going badly in order to allow himself, at a later time, either to present a better case or simply to harass the defendant with another prosecution.

"The greater the prosecutor's effort to inject a trial with prejudicial error, the more manifest becomes the necessity for dismissing the jury, and the more likely becomes the possibility that the defendant will be forced to request a mistrial. Under these circumstances, to adhere to the general rule allowing retrial where the mistrial is the result of a manifest necessity would lead to harsh and oppressive consequences. Thus, in cases where it is clear that the prosecutor, motivated by a desire to avoid an acquittal in a case which is going badly, engages in purposeful misconduct which forces the court to declare a mistrial, the policy of protecting an accused individual from harassment by consecutive prosecution may demand that a retrial be barred, even though the mistrial was manifestly necessary." *Muller v. State,* supra, 478 P.2d at 827. (Footnotes omitted)

However, the Alaska court refused to dismiss the second trial in *Muller,* on the grounds that:

" * * * the prosecutor's remarks which led to the declaration of a mistrial were negligently made, and fall far short of evidencing the requisite element of intentional misconduct." Id.

Several Arizona courts, while citing *Muller* with approval, have likewise refused to find double jeopardy violations on particular fact situations. *State v. Ballinger,* 19 Ariz.App. 32, 504 P.2d 955 (1973); *City of Tucson v. Valencia,* 21 Ariz.App. 148, 517 P.2d 106 (1973).

There is nothing in the record before us to indicate that the State engaged in any intentional misconduct or that defendant was in any way subjected to harassment or oppression in being tried the third time. We find no violation of defendant's rights under the double jeopardy provisions of the Arizona or federal Constitutions.

## PRIOR CONVICTION

Defendant contends that the information was never properly amended to reflect the allegation of a prior felony conviction. We do not agree. The record shows that on 21 November 1973 the Superior Court granted the State's motion for an addendum to the information. Whether termed an "amendment" or an "addendum" the effect of the granting of the motion was to make the allegation of a previous conviction a part of the offense charged as of that date. See A.R.S. § 13–1650(B).

At the trial the defendant took the stand and testified as follows:

"Q Mr. Wright, have you ever been convicted of a felony?

"A Yes, sir.

"Q When?

"A 1964, August 7.

"Q Where was that?

"A In Portland, Oregon.

"Q Can you recall the court?

"A U. S. District Court of Oregon.

"Q And what was the offense?

"A Conspiracy of transporting narcotics."

As was indicated above, defendant's testimony concerning his prior conviction was inconsistent with the allegations in the information in several respects. In particular, the defendant gave the date of his conviction as 7 August 1964 rather than 30 November 1964, and gave the offense as conspiracy to transport narcotics rather than sale of a narcotic drug. Defendant now contends that, due to those discrepancies, the court erred in considering the prior conviction in imposing sentence. We disagree.

Taken in context, the discrepancies between defendant's testimony and the charge are relatively insignificant, and it is apparent that the defendant was admitting that he in fact was convicted of the prior offense as set forth in the allegation of prior conviction. We note that nowhere in the record or in the brief is there any indi-

cation that the defendant was not in fact guilty of the prior as charged or that the prior felony to which the defendant admitted was another distinct or separate felony conviction in addition to the one charged. Moreover, we note that defendant's FBI record shows that he was arrested on 7 August 1964 on charges of illegal sale of narcotics, selling, bartering and exchanging narcotics, and federal narcotics charges, and that he was convicted on all charges on 30 November 1964. The discrepancies in dates and offenses are thus readily explainable.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.