579 P.2d 1126

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Anthony T. DEDDENS, Judge of the Superior Court of the State of Arizona, IN AND FOR the COUNTY OF COCHISE, Respondent,**

**and**

**Frederico ESTRADA, Real Party in Interest.**

**No. 2 CA–CIV 2925.**

Court of Appeals of Arizona, Division 2.

May 31, 1978.

Beverly H. Jenney, Cochise County Atty. by Gerald F. Till and Joseph M. Fuller, Deputy County Attys., Bisbee, for petitioner.

Arthur C. Atonna, Douglas, for Real Party in Interest.

## OPINION

RICHMOND, Chief Judge.

Petitioner brings this special action to challenge the denial by the respondent court of its motion to amend an indictment to allege a prior conviction. We assume jurisdiction and grant relief.

The real party in interest is the defendant in cause No. 9641, charged with possession of marijuana for sale. He had been convicted in Pinal County in 1975 of sale of marijuana, a felony. On April 6, 1978, the petitioner filed a motion to amend the indictment to add an allegation of prior conviction for purposes of enhanced punishment under the Arizona Revised Statutes, as follows:

"A. A.R.S. § 36–1002.05(B) which pertains to Count I of the Indictment

"B. A.R.S. § 13–1649(A)(1) and 13–1649(C), as amended, which pertains to Count II of the Indictment and

"C. A.R.S. § 36–1002.06(B) which pertains to Count III of the Indictment."

Thereafter, the respondent court set trial for May 9 with a backup date of May 31. On April 24 the respondent court denied petitioner's motion.

Rule 13.5(a), 17 A.R.S. Rules of Criminal Procedure, specifically provides that a prosecutor may amend an indictment to add an allegation of one or more prior felony convictions within the time limits of Rule 16.-1(b). The latter rule states that all motions shall be made no later than 20 days prior to the date set for trial. Such a time limit was complied with in the instant situation. In *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977), the court stated:

"During the time period set forth in [Rule 13.5(a)] the filing of the allegation of prior conviction is solely within the discretion of the prosecutor. Thereafter, when an allegation of prior conviction is filed, the court may exercise its discretion as set forth in A.R.S. § 13–1649(C)." 116 Ariz. at 114, 568 P.2d at 421.

The real party in interest argues that A.R.S. §§ 36–1002.05(B) and 36–1002.-06(B) both state that "the previous conviction shall be charged in the indictment or information . . . ." and directs our attention to footnote 3, *State v. Birdsall*, supra, 116 Ariz. at 114, 568 P.2d 419, citing such language. The footnote, however, merely distinguishes A.R.S. § 13–1649 from §§ 36–1002 through 36–1002.08 insofar as the grand jury does not have authority to consider an alleged prior under the former section but does under the narcotics statutes. We do not believe the use of the grand jury is the only way to allege a prior conviction for purposes of enhancing punishment under the narcotics statutes. In *State v. Wright*, 112 Ariz. 446, 543 P.2d 434 (1975), the supreme court approved the fil-

ing of an allegation of a prior narcotics conviction by a prosecutor two weeks after the defendant had been bound over to superior court on charges of selling heroin. We think the *Birdsall* opinion is dispositive of the issue: during the time period set forth in the rule, the filing of the allegation of a prior conviction is solely within the discretion of the prosecutor.

In regard to the enhanced punishment provisions of A.R.S. § 13–1649, applicable here to Count II of the indictment, the real party in interest attempts to distinguish *Birdsall* by claiming that in *Birdsall* the prosecutor appended an allegation of prior conviction to the indictment while in the present case a motion to amend was filed. We do not agree that the filing of a motion vested the trial court with discretion that did not otherwise exist.

The respondent court had no discretion to deny the motion to amend to allege a prior conviction, filed within the applicable time limits. The order of the respondent court is hereby vacated with directions to grant the motion. Stay order is lifted.

Relief granted.

HOWARD and HATHAWAY, JJ., concur.