611 P.2d 960

**CITY OF TUCSON, and The State of Arizona, Petitioners/Appellees,**

v.

**Barbara ARNDT, Real Party in Interest, Respondent/Appellant.**

**No. 2 CA–CIV 3505.**

Court of Appeals of Arizona, Division 2.

May 21, 1980.

---

**3.** See n. 1, *supra*.

608

Frederick S. Dean, City Atty., by R. William Call and Thomas B. Lindberg, Tucson, for petitioners/appellees.

Michael A. Blum, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant, Barbara Arndt, charged on August 28, 1979, in Tucson City Court with having violated Tucson City Code Sec. 11–28(1), lewd or indecent acts or prostitution, appeals from the superior court judgment on special action reversing the Chief City Magistrate's order denying the City Prosecutor leave to amend the charging document by adding an allegation of prior conviction. We reverse.

The motion for leave to amend was filed on September 26, 1979, and was heard and denied the following day. At the time the motion was filed, the cause was already scheduled for trial on October 16, 1979. All motions between arraignment and trial are required, unless otherwise specifically provided, to be made no later than 20 days prior to the date set for trial. 17 A.R.S., Rules of Criminal Procedure, rule 16.1(a) and (b). The time limits of the rule are specifically applicable to the addition of allegations of prior convictions, rule 13.5(a), *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977), and if timely motion is made, the filing of an allegation of prior conviction is

solely within the discretion of the prosecutor. *State v. Deddens, In and For County of Cochise,* 119 Ariz. 156, 579 P.2d 1126 (App. 1978). On the other hand, untimeliness is sufficient basis for denial of such motion, in the absence of excuse, as provided in rule 16.1(c).

In computing whether the motion was timely filed, the trial date, October 16, is not included, rule 1.3. The last day of the period so computed is included. Ibid. Thus, beginning our count from and including October 15, the twenty-day period runs through and including September 26, fixing the outer time limit. The motion having been filed on September 26, was not " . . . made no later than 20 days prior to the date set for trial," rule 16.1(b), and was untimely. Cf., *Carson v. McDowell,* 203 Kan. 40, 452 P.2d 828 (1969), requiring "clear days" where a minimum 20-day period was required in giving notice for a zoning change.

Assuming arguendo that the City Magistrate denied the amendment for a different and insufficient reason, untimeliness was a proper basis for his denial since the record discloses no excuse for the failure to make a timely motion. The superior court should not have overturned the magistrate's ruling, as he reached the correct result, albeit for the wrong reason.

Judgment reversed.

HOWARD and RICHMOND, JJ., concur.