623 P.2d 365

**EQUITABLE GENERAL INSURANCE COMPANY, a corporation, Petitioner,**

v.

**The Honorable B. L. HELM and The Superior Court of Yuma County, Arizona; and Jim Shaffer, Respondents.**

No. 15208.

Supreme Court of Arizona, In Banc.

Jan. 19, 1981.

Nebeker & Nebeker, P.C. by William A. Nebeker, Yuma, for petitioner.

Jim D. Smith, Yuma, for respondents.

GORDON, Justice:

Petitioner brought this special action alleging that a Yuma County Superior

Court order denying its notice of change of judge was "both arbitrary and capricious and/or in abuse of the Court's discretion and * * * contravene[d] Rules of Civil Procedure 42(f)."

We accepted jurisdiction pursuant to A.R. S.Const. Art. 6, § 5(4), and Rules 1(a) and 3, 17A A.R.S. Rules of Procedure for Special Actions, and continued a previously issued interlocutory stay of proceedings pending further order of this Court.

On November 26, 1980, petitioner, as defendant in Yuma County Superior Court Cause No. 43958, filed a "Notice of Change of Judge" pursuant to Rule 42(f)(1)(A), 16 A.R.S. Rules of Civil Procedure, to obtain the change of judge to which that rule entitled it as a matter of right. On November 28, 1980, respondent Shaffer, plaintiff in Cause No. 43958, filed an objection to petitioner's notice on the ground that it was not timely filed. That same day, respondent Superior Court Judge Helm entered an order denying "defendant's request for change of judge."

Rule 42(f)(1)(C) provides: "Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed twenty or more days before the date set for trial." It is respondents' position that petitioner's notice was untimely because it was filed only nineteen days before the trial date of December 16, 1980. They assert that neither November 26, 1980, the date on which petitioner filed its notice, nor December 16, 1980, the date of trial, can be considered in determining whether petitioner's notice was timely filed.

We agree that December 16, 1980, cannot be counted in the twenty days, since Rule 42(f)(1)(C) speaks in terms of "days *before* the date set for trial." 16 A.R.S. Rules of Civil Procedure (emphasis added). We believe, however, that November 26, 1980, should be counted.

To support their position that November 26 should not be counted, respondents point to Rule 6(a), 16 A.R.S. Rules of Civil Procedure, which provides in part as follows:

"In computing any period of time prescribed or allowed by these rules * * *,

the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *."

From this language, respondents assert that "the date of filing of any document is not counted in computing time." Apparently they are contending that the words "the day of the act, event or default from which the designated period of time begins to run" should be interpreted to mean "the date of filing of any document." We find no support for such a contention.

The language in Rule 6(a) quoted above anticipates time periods which follow a certain event. Rule 42(f)(1)(C), to the contrary, refers to a time period which precedes an event. Application of Rule 6(a) to Rule 42(f)(1)(C) requires the simple adaptation of counting days backward instead of forward from the precipitating event. The date set for trial is "the day * * * from which the designated period of time begins to run," and is not included in computing the twenty-day period. Counting backward from the trial date, the last day of the twenty-day period, here November 26, is included.

We therefore interpret the language, "twenty or more days before the date set for trial," in Rule 42(f)(1)(C) as excluding the date set for trial and including the date of filing the notice. Because November 26, 1980, should be counted in determining the timeliness of filing its notice, petitioner's notice was timely. The trial judge abused his discretion in denying petitioner's timely exercise of its right to change of judge pursuant to Rule 42(f)(1)(C).

Prayer for relief granted. Stay order previously issued, vacated.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.