Gary E. Thompson Linn County Counselor P.O. Box 184 Mound City, Kansas 66056
Dear Mr. Thompson:
You inquire regarding the property owner notification requirement for an owner-initiated rezoning application subject to county regulation. The question is whether the 1000 feet distance requirement in K.S.A.12-757 should be calculated from the property that is the subject of the rezoning application or from the larger tract of property owned by the applicant within which the subject property is located.
K.S.A. 12-757 provides, in part:
 "(a) The governing body . . . may . . . change or generally revise the boundaries or regulations contained in zoning regulations by amendment. [I]f such proposed amendment . . . affects specific property, the amendment may be initiated by application of the owner of property affected.
 "(b) All such proposed amendments shall be submitted to the planning commission for recommendation. The planning commission shall hold a public hearing . . . and shall give notice [in the official county newspaper]. [I]f such proposed amendment . . . affects specific property, the property shall be designated by legal description or a general description sufficient to identify the property under consideration. In addition to such publication notice, written notice of such proposed amendment shall be mailed at least 20 days before the hearing to all owners of record of real property within the area to be altered and . . . to all owners of record of real property located within at least 1,000 feet of the area proposed to be altered for regulations of a county."[1]
The gravamen of your request is the meaning of "the area proposed to be altered" when an applicant for rezoning owns the tract of land within which is located the property that is the subject of the rezoning application. We have been advised that some county planning departments calculate the 1000 feet from the smaller property identified in the rezoning application while others calculate the distance from the boundaries of the larger tract that is recorded with the register of deeds.
As you know, notice to surrounding property owners of the hearing to consider a rezoning application is mandatory and must be complied with in order to give a planning commission the authority to recommend action and the governing body the jurisdiction to act.[2]
In construing "the area proposed to be altered," we are bound to interpret this verbiage in conformity with the rules of statutory construction which require us to rely upon the plain wording of the statute without adding something not readily found in the statute.[3]
K.S.A. 12-757 refers to rezoning amendments initiated by the owner of the "property affected." "Property affected" is the property proposed to be rezoned.[4] If the proposed amendment "affects specific property," it must be designated by a legal description with a notice mailed to property owners located within at least 1,000 feet of the "area proposed to be altered. . . ."
We have been advised by some planning departments that a rezoning application identifies the property proposed to be rezoned — not the entire tract within which the property is located. Finding no Kansas appellate court decisions interpreting the notice provisions of K.S.A.12-757 and applying the rules of statutory construction, it is our opinion that "the area proposed to be altered" is the property identified by the legal description in the rezoning application. Thus, the 1000 feet notification area should be measured from that description rather than the legal description of the tract within which the subject property is located.
We understand that interpreting the statute this way may dilute the surrounding property owners' rights to protest a rezoning change in instances where a developer owns a large tract of property and applies to rezone a smaller lot in the middle of the tract. The protest provision states, in part:
 "(f)(1) Whether or not the planning commission approves or disapproves a zoning amendment, if a protest petition against such amendment is filed in the office of the . . . county clerk within 14 days after the date of the conclusion of the public hearing . . . signed by the owners of record of 20% or more of any real property proposed to be rezoned or by the owners of record of 20% or more of the total real property within the area required to be notified by this act of the proposed rezoning of a specific property
. . . the . . . resolution adopting such amendment shall not be passed except by at least a 3/4 vote of all of the members of the governing body."[5]
As "the area required to be notified" includes property within 1000 feet of the property that is the subject of the rezoning application, it is possible that surrounding property owners may be unable to meet the 20% requirement where the developer owns most or all of the property surrounding the subject property.
While this possibility exists, the Kansas Supreme Court concluded, inDent v. Kansas City, Kansas,[6] that the public hearing notice and the protest provisions are "separate and distinct" and, therefore, the protest provision "[has] nothing to do with the written notice requirements pertaining to the planning commission."[7]
We do note, however, that the legislature has addressed inadvertent inequities created when the notice provisions of K.S.A. 12-757(b) have the effect of diluting surrounding property owners' protest rights.
The original 1991 legislation recodifying the city/county planning and zoning statutes required notice of a rezoning application to the "owners of record of lands located within at least 1,000 feet of the area proposed to be altered for regulations of a county" but the statute neglected to require notice to the actual owner of the property sought to be rezoned by a city or county.[8] This problem was addressed by the legislature in 1995 when the statute was amended to require notice to the actual property owner.[9]
However, the 1995 amendment inadvertently affected the ability of surrounding property owners to protest in situations where a developer initiated the rezoning. Because the 1995 amendment included the subject property in the notice area, if a developer owned property constituting the majority of the notice area, surrounding property owners would be unable to meet the requisite 20% for a protest petition.[10]
To correct this problem, the legislature, in 2000, amended the protest provision to exclude the subject property from the 20% calculation where the applicant was either the property owner or the latter did not oppose the rezoning.[11]
If the protest rights of surrounding property owners are being diluted by developers who attempt to insulate themselves from protest by purchasing a large tract of property and then attempting to rezone a smaller lot within the tract, the legislature can address the problem. We can only interpret K.S.A. 12-757 in its current form. As such, it is our opinion that the 1000 feet distance requirement should be calculated from the property that is the subject of the rezoning application — not from the larger tract of property owned by the applicant within which the subject property is located.
Finally, you inquire whether a local regulation prohibiting reapplying for an amendment for the same use within one year of denial precludes a subsequent application where the application identifies a different lot within the same tract of record.
Interpreting local regulations is best left to the governing body that adopted the regulations and, therefore, we decline to speculate regarding its meaning. If the regulation is ambiguous, the governing body may want to consider clarification.
Sincerely,
 Paul J. Morrison Attorney General
 Mary Feighny Deputy Attorney General
PJM:MF:jm
[1] Emphasis added.
[2] Crumbaker v. Hunt Midwest Mining, Inc., 275 Kan. 872 (2003), citing Carson v. McDowell, 203 Kan. 40 (1969) and Ford v. City ofHutchinson, 140 Kan. 307 (1934). See Paul v. City of Manhattan,212 Kan. 381 (1973).
[3] State v. McElroy, 281 Kan. 256, 262 (2006).
[4] Attorney General Opinion No. 78-193 ("[t]he property `affected' by a zoning amendment is the property proposed to be rezoned.") SeeConcerned Citizens, United, Inc. v. Kansas Power Light Co.,215 Kan. 218,235 (Kan. 1974) ("one who is not the owner of property affected may not make application for a change in zoning.")
[5] K.S.A. 12-757(f)(1). Emphasis added.
[6] 214 Kan. 257 (1974). (Dent reviewed the predecessor statute, K.S.A. 12-708, but the provisions are almost identical.) See also K.S.A.19-2920, repealed L. 1991, Ch. 56, § 28.
[7] Id. at 267.
[8] L. 1991, Ch. 56, § 17(b).
[9] L. 1995, Ch. 249, § 1(b) (notice mailed to "all owners of record of real property within the area to be altered.")
[10] Minutes, House Committee on Local Government, Feb. 10, 2000, Attachments 2,3, 4.
[11] K.S.A. 12-757(f)(2).