216 P.3d 1198

**STATE of Arizona, Appellee,**

v.

**Vernon TILLMON, Appellant.**

**No. 1 CA–CR 08–0139.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 15, 2009.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and Sarah E. Heckathorne, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Emily Danies, Tucson, Attorney for Appellant.

## OPINION

HALL, Judge.

¶ 1 Defendant, Vernon Tillmon, appeals from his convictions for one count of transportation of marijuana for sale, in an amount greater than two pounds, one count of possession of drug paraphernalia, and the sentences imposed. We conclude that the trial court erred when it denied defendant's motion to dismiss filed on the twentieth day before trial as untimely pursuant to Arizona Rule of Criminal Procedure 16.1(b). Rather than set aside defendant's convictions and sentences, however, we conditionally affirm

them and remand to permit the court to consider defendant's motion. If the court grants the motion, it is directed to set aside defendant's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The facts relevant to the issues raised on appeal are undisputed. On the evening of March 1, 2007, while Officer S.S. of the Arizona Department of Public Safety (DPS) was driving his patrol vehicle northbound on Interstate 17, he observed a commercial truck, approximately three hundred yards ahead, pass another vehicle in a no passing zone. Officer S.S. activated the patrol car's emergency lights and the truck driver, defendant, immediately brought his vehicle to a stop on the right shoulder of the road.

¶ 3 After speaking with defendant regarding the infraction and the length of time he had been driving, the officer asked for consent to search the vehicle. Defendant gave his consent and opened the doors to the trailer. Officer S.S. recognized a strong odor of marijuana emanating from the trailer. Using the lights of the patrol vehicle and a flashlight, the officer could see "what appeared to be a pallet of boxes and then a stack of something else on the ground with a blue tarp on it." When Officer S.S. asked defendant what was underneath the tarp, he responded "I don't know. I didn't load my trailer." Officer S.S. then asked defendant if they "could go ahead and take a look" and defendant entered the trailer and pulled back the tarp, exposing sixty-seven bales of marijuana wrapped in plastic. The officer asked defendant if he knew what it was and he said "I don't know. It looks bad." Officer S.S. then placed defendant under arrest and conducted a search of his person, finding $3,000.00 in cash.

¶ 4 After placing defendant under arrest and moving the vehicle to DPS headquarters, Officer S.S. checked the license plates of the truck and trailer and discovered that both of the plates belonged to other vehicles. The officer also weighed the bales of marijuana, which totaled 1,569 pounds. Another DPS officer inspected the vehicle and noticed that the name "Vernon" was written on the tarp covering the bales. Inside the truck, DPS officers also discovered several of defendant's financial documents, including: (1) a cash bank deposit of $2,500.00 on January 10, 2007; (2) a cash bank deposit of $3,000.00 on February 5, 2007; (3) a bank balance slip, dated February 23, 2007, reflecting an available balance of $17,226.78; and (4) a social security earnings statement reflecting defendant had no earnings for 1998 through 2001, income of $650.00 in 2002, income of $13,515.00 in 2003, and no earnings in 2004.

¶ 5 Defendant was charged with one count of transportation of marijuana for sale, in an amount greater than two pounds, a class two felony (Count I), and one count of possession of drug paraphernalia, a class six felony (Count II). Following a three-day trial, the jury found defendant guilty as charged. The trial court sentenced defendant to a mitigated, four-year term of imprisonment as to Count I and a mitigated, nine-month term of imprisonment as to Count II.

¶ 6 Defendant timely appealed. This court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1) (2003), 13–4031 (2001), and –4033 (Supp.2008).

## DISCUSSION

### I.

¶ 7 Defendant contends that the trial court erred by denying as untimely his motion to dismiss the charges or, alternatively, motion to suppress, based on a claim of racial profiling.

¶ 8 Our review of a trial court's interpretation of criminal procedure rules is de novo. *State ex rel. Thomas v. Newell*, 221 Ariz. 112, 114, ¶ 7, 210 P.3d 1283, 1285 (App. 2009). We interpret rules of procedure by their plain meaning and we read them "in conjunction with each other and harmonize [ ] [them] whenever possible." *Groat v. Eq-*

*uity Am. Ins. Co.,* 180 Ariz. 342, 347, 884 P.2d 228, 233 (App.1994).

¶ 9 Defendant filed his motion to dismiss or, alternatively, motion to suppress, on September 13, 2007. At the pretrial conference held September 17, 2007, the court noted that the trial was scheduled for October 3, 2007 and sua sponte denied the motion as untimely because it was "not made more than 20 days prior to the trial date that was set."

¶ 10 Arizona Rule of Criminal Procedure 16.1(b) provides: "All motions shall be made no later than 20 days prior to trial, or at such other time as the court may direct." Motions that are not timely raised "shall be precluded, unless the basis therefore was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it." Ariz. R.Crim. P. 16.1(c). As set forth in Rule 1.3(a), "the day of the act or event from which the designated period of time begins to run is not ·[ ] included," but the last day of the period is included in the timeliness computation.

¶ 11 In *Equitable General Insurance Co. v. Helm,* 128 Ariz. 6, 7, 623 P.2d 365, 366 (1981), the supreme court explained that "[t]he date set for trial is the day [ ] from which the designated period of time begins to run, and is not included in computing the twenty-day period." Then, "[c]ounting backward from the trial date, the last day of the twenty-day period, [the filing date], is included." *Id.*

¶ 12 Applying Rule 1.3(a) here, the trial date, October 3, 2007, is not included, and the last day of the period, the September 13, 2007 filing date, is included. *See id.* Thus, defendant filed his motion precisely twenty days before trial was scheduled to commence.[1]

¶ 13 The trial court, however, interpreted Rule 16.1(b) as requiring that the motion be filed "more than 20 days prior" to the trial date rather than "no later than 20 days prior to trial." As noted by the State, the trial court's interpretation is consistent with *City of Tucson v. Arndt,* 125 Ariz. 607, 609, 611 P.2d 960, 962 (App.1980). In *Arndt,* the court summarily held that a motion filed 20 days before trial was untimely because there were not twenty "clear" days between the September 26, 1979 filing date and the October 16, 1979 trial date. *Id.*

¶ 14 Several years later, the use of "clear" days was discussed at length in *Maciborski v. Chase Service Corp. of Arizona,* 161 Ariz. 557, 779 P.2d 1296 (App.1989). The issue in *Maciborski* was whether timely notice was given pursuant to A.R.S. § 33–743(A) (2007), which requires that a notice of forfeiture be served "at least twenty days prior to the effective date of the forfeiture." *Id.* at 559–60, 779 P.2d at 1298–99. We noted that "[t]here is a decided conflict of opinion among courts" as to the "effect phrases such as 'at least' or 'not less than' have on the computation of time where an act is required to take place 'at least' or 'not less than' a certain number of days before a known future date." *Id.* at 562, 779 P.2d at 1301. Many courts in other jurisdictions compute timeliness by including one terminal day and excluding the other. *Id.* Other courts, however, "take[ ] the view that words such as 'at least' or 'not less than' imply a count of 'clear' or 'full' days and that when such phrases are used, both the first and the last terminal days must be excluded from the computation." *Id.* Because imposing a "clear day" requirement would, in effect, require a twenty-one day minimum rather than the unambiguous twenty days proscribed by the rule, we held that the general rule[2] of including the last terminal day in the computation applies. *Id.* at 563, 779 P.2d at 1302.

---

1. On September 20, 2007, the trial court entered a signed order re-setting the trial for November 14, 2007. Ordinarily, this would provide defendant the opportunity to refile the motion. *See* Committee Comment to 1993 Amendments to Rule 16.1(b) (stating that the intent of the amendment is "that motions be filed at least 20 days prior to the *actual* trial date") (emphasis in original). Defendant, however, was precluded from refiling by the order's language stating: "The Court has not granted a continuance of the motion deadline."

2. The "general rule" at issue in *Maciborski* is A.R.S. § 1–243 (2002) (explaining time is "computed by excluding the first day and including

¶ 15 Disagreeing with *Arndt*,[3] we likewise conclude that the phrase "no later than" in Rule 16.1(b) does not evince an "intent to require a longer time than that required" by Rule 1.3. *See id.* Instead, the language "indicate[s] that it is stating the minimum time period and that a longer time would be permissible." *Id.* Our holding is supported by *Equitable General Insurance Co.,* in which the supreme court found timely a notice of change of judge that was filed twenty days before trial pursuant to Arizona Rule of Civil Procedure 42(f)(1)(C), which then provided that "[a] notice is timely if filed twenty or more days before the date set for trial." 128 Ariz. at 7, 623 P.2d at 366.

¶ 16 Given our construction of Rule 16.1(b), defendant's motion filed twenty days before trial was timely. Accordingly, we remand to the trial court to conduct further proceedings on the motion. If it grants the motion, it should then set aside the conviction and sentence; if it denies the motion, the conviction and sentence may stand. *See State v. Jessen,* 134 Ariz. 458, 461, 657 P.2d 871, 874 (1982) (remanding to the trial court to conduct a voluntariness hearing without setting aside the conviction).[4]

**II.**

¶ 17 Defendant next contends that, even if the evidence subject to the suppression motion was properly before the jury, the trial court erred by denying his motion for judgment of acquittal. *See* Ariz. R.Crim. P. 20. He argues that there was "no evidence" that he had knowledge of the marijuana's presence in his vehicle. We disagree.

¶ 18 We review a "trial court's denial of a Rule 20 motion for an abuse of discretion and will reverse a conviction only if there is a complete absence of substantial evidence to support the charges." *State v. Carlos,* 199 Ariz. 273, 276, ¶ 7, 17 P.3d 118, 121 (App.2001). Substantial evidence is evidence that a reasonable jury can accept as sufficient to support a conclusion of guilt beyond a reasonable doubt. *State v. Fulminante,* 193 Ariz. 485, 493, ¶ 24, 975 P.2d 75, 83 (1999). If reasonable minds could differ on the inferences to be drawn from the evidence, whether direct or circumstantial, the case must be submitted to the jury. *State v. Landrigan,* 176 Ariz. 1, 4, 859 P.2d 111, 114 (1993). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox,* 214 Ariz. 518, 520, ¶ 8, 155 P.3d 357, 359 (App.2007) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

¶ 19 We conclude that the record contains sufficient evidence from which reasonable persons could find that defendant knowingly transported marijuana. "A jury may properly infer that a driver and sole occupant of a vehicle containing a large amount of drugs was aware that the drugs were in the vehicle." *State v. Teagle,* 217 Ariz. 17, 28,

the last day"), and Arizona Rule of Civil Procedure 6(a) (providing that "the day of the act, event or default from which the designated period of time begins to run shall not be included" and "[t]he last day of the period so computed shall be included[.]" Rule 1.3 is the analogous criminal rule.

**3.** *Arndt* relied on *Carson v. McDowell,* 203 Kan. 40, 452 P.2d 828 (1969), which required "clear" days when a minimum twenty-day period was required in giving notice for a zoning change. Although not mentioned in *Arndt,* the statute in Kansas that generally governs time computation is different than the general rule in Arizona because it requires that the last day of the period be included if "the method for computing such time

is not otherwise specifically provided." *Id.* at 43, 452 P.2d at 831. The Carson court interpreted its zoning statute, which required that "at least twenty (20) days shall elapse between the date of such publication and the date set for the hearing," as otherwise specifying a method for counting. *Id.*

**4.** Because we remand on the basis that defendant timely filed his motion to dismiss/suppress, we need not reach his additional claim that the trial court erred by denying his motion to continue in which he requested additional time to review a recently issued DPS report on traffic stops and vehicle searches.

¶ 44, 170 P.3d 266, 277 (App.2007) (citations omitted). In addition, the license plates to both the truck and the trailer belonged to other vehicles, the tarp covering the drugs had defendant's first name written on it, and defendant had a significant amount of cash on his person as well as several large cash deposits to his bank account. Therefore, because substantial evidence supports the jury's guilty verdicts, the trial court properly denied defendant's motion for judgment of acquittal.

## CONCLUSION

¶ 20 The court erred when it denied defendant's motion to dismiss as untimely. Because no other reversible error occurred during trial, we conditionally affirm defendant's convictions and sentences subject to the court's ruling on remand on defendant's motion.

CONCURRING: MAURICE PORTLEY, and ANN A. SCOTT TIMMER, Judges.