NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DONNIE ROMONE TWIGGS, *Appellant.*

No. 1 CA-CR 19-0588
FILED 10-22-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201801789
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding
Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**G A S S**, Judge:

¶1          Donnie Romone Twiggs appeals his conviction and sentence for possession of dangerous drugs for sale. Twiggs argues the State did not present sufficient evidence to satisfy the "for sale" element. He also argues the State did not present sufficient evidence to support the aggravating factor of committing the offense for pecuniary gain. We affirm because sufficient evidence supports the conviction and the aggravating factor.

## FACTUAL AND PROCEDURAL HISTORY

¶2          This court reviews the facts in the light most favorable to sustaining the jury's verdict, resolving all reasonable inferences against Twiggs. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015). Because the jury weighs evidence and assesses witness credibility, this court will not invade those duties. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

¶3          On March 7, 2018, Department of Corrections Sergeants J.Y. and S.P. followed Twiggs, an inmate at a prison in Mohave County, as he walked to his dormitory. Once there, J.Y. and S.P. conducted a strip search. As Twiggs removed a sock, six pea-sized paper bindles fell out. Five of the six bindles contained a green leafy substance. One bindle was tested and proved to be "spice"—a type of synthetic marijuana. Twiggs said he did not know what the bindles contained, saying he found them as he walked to his dormitory and wanted to find out what they were.

¶4          At trial, corrections officers testified that spice is a sought-after drug in prison. Spice costs much more in prison than it does on the street. Though spice generally has a depressive effect, it causes some to become aggressive. The aggressive effects make spice a danger to guards and inmates alike. Corrections officers also testified the way Twiggs's spice was packed is consistent with packaging for sale. The pea-sized bindles are used for quicker, more concealed transfers between inmates when sold. Typically, one or two bindles in an inmate's possession is consistent with personal use, but more than that indicates the bindles are meant for sale.

¶5          A jury convicted Twiggs of three counts: (1) promoting prison contraband; (2) possession of dangerous drugs for sale; and (3) possession of drug paraphernalia. The jury also found, as an aggravating factor, Twiggs committed count 2 "as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." *See* A.R.S. §§ 13-701.D.6. After considering the aggravating and mitigating circumstances,

the superior court sentenced Twiggs to concurrent sentences of 15.75 years for count 1, 18 years for count 2, and 3.75 years for count 3.

¶6 Twiggs timely appealed his conviction and sentence for count 2, possession of dangerous drugs for sale. He did not appeal the other two convictions and sentences. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, and -4033.A.1.

## ANALYSIS

### I. The State presented sufficient evidence for the jury to convict Twiggs of possession of dangerous drugs for sale.

¶7 To convict Twiggs of possession of dangerous drugs for sale, the State needed to show beyond a reasonable doubt: (1) Twiggs knowingly possessed a dangerous drug; (2) the substance was in fact a dangerous drug; and (3) he possessed the drug "for sale." *See* A.R.S. § 13-3407.A.2; Rev. Ariz. Jury Instr. Stand. Crim. § 34.072 (5th ed. 2019). "'Sale' . . . means an exchange for anything of value or advantage, present or prospective." A.R.S. § 13-3401.32. On appeal, Twiggs does not challenge the first two elements. Instead, Twiggs argues the State did not produce sufficient evidence to establish he possessed the drugs for purposes of sale.

¶8 This court reviews *de novo* whether the State presented substantial evidence to support a conviction. *State v. Watson*, 248 Ariz. 208, 212, ¶ 11 (App. 2020). Substantial evidence is proof "reasonable persons could accept as adequate and sufficient to support a conclusion of [Twiggs's] guilt beyond a reasonable doubt." *See State v. Goudeau*, 239 Ariz. 421, 461, ¶ 169 (2016). The issue then is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Tillmon*, 222 Ariz. 452, 456, ¶ 18 (App. 2009). This court considers direct and circumstantial evidence when "determining whether substantial evidence supports a conviction." *Watson*, 248 Ariz. at 212, ¶ 11.

¶9 Here, Twiggs's spice was packed in pea-sized bindles. Prisoners use pea-sized bindles to facilitate quicker, more discrete exchange during sales. The amount of spice Twiggs possessed exceeded threefold the amount a prisoner would possess for personal use. Spice is in high demand in the prison where Twiggs was incarcerated and carried with it a high price. The amount of spice Twiggs possessed and how it was packaged is sufficient for a jury to conclude he possessed the spice for sale. *See Felix*, 237 Ariz. at 283, ¶ 2; *see also State v. Jernigan*, 221 Ariz. 17, 19, ¶ 5 (App. 2009)

("evidence may be completely circumstantial"). We will not second guess the jurors. *See Williams*, 209 Ariz. at 231, ¶ 6.

## II.  Because the superior court properly considered the pecuniary-gain aggravator, Twiggs suffered no fundamental, prejudicial error.

**¶10**     Twiggs argues the superior court erred by considering the pecuniary-gain aggravating factor because substantial evidence does not support the jury's verdict he possessed the spice for "pecuniary value." *See* A.R.S. § 13-701.D.6. Because Twiggs did not object at sentencing, this court reviews for fundamental error. *See State v. Trujillo*, 227 Ariz. 314, 317, ¶ 9 (App. 2011). Twiggs, therefore, must first prove error exists. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Twiggs must then show either: (1) the error went to the foundation of the case; (2) the error took from him a right essential to his defense; "*or* (3) the error was so egregious that he could not possibly have received a fair trial." *See id.* (emphasis original). If Twiggs establishes prongs one or two, he must also demonstrate prejudice. *See id.* If Twiggs establishes the third prong, he need not make no separate showing of prejudice and a new trial must be granted. *See id.*

**¶11**     Because the jury found Twiggs possessed the spice for sale—meaning "an exchange for anything of value or advantage, present or prospective"—the jury necessarily could find he possessed it for pecuniary gain—meaning "as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." *See* A.R.S. §§ 13-701.D.6, -3401.32, -3407.A.2. Substantial evidence supports the presence of the aggravating factor, so we find no error, let alone fundamental error, in the superior court considering the factor. *See Escalante*, 245 Ariz. at 142, ¶ 21.

## CONCLUSION

**¶12**     We affirm Twiggs's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA