·LINTON A. PUMPHREY, ET AL. *v.* FRANK T. STOCKETT, ET AL.

[No. 83, October Term, 1946.]

*Decided per curiam October 29, 1946; opinion filed November 22, 1946.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Noah A. Hillman* and *C. Maurice Weidemeyer* for the appellants.

*Matthew S. Evans* and *J. Edgar Harvey, Assistant Attorney General,* with whom was *William Curran, Attorney General,* on the brief, for the appellees.

The following order was filed *Per Curiam* by MARBURY, C. J.:

For reasons to be stated in an opinion hereafter to be filed, it appearing that a vacancy occurred prior to the primary election which was not filled as provided by law, it is therefore ordered by the Court of Appeals this 29th day of October, 1946, that the order appealed from herein be and it is hereby affirmed with costs to the appellees.

MARBURY, C. J., delivered the opinion of the Court.

Appellants, Linton A. Pumphrey, a resident of Anne Arundel County, and William H. Meade, Chairman of the Republican State Central Committee for that county, filed their petition for mandamus on October 21, 1946, in the Circuit Court for the county against the local Board of Supervisors of Elections, appellees here. The object sought was to have Pumphrey's name placed upon the official ballots of the county as a Republican candidate for the office of County Commissioner. The Supervisors demurred, the case was heard below on October 23d, the demurrer was sustained and the petition dismissed. An appeal was entered on the following day, the papers were immediately transmitted and the case was advanced and heard here on October 29th. On the same day, a *per curiam* order was filed affirming the order of the lower court. The reasons for that determination are now given.

The elections of 1946 were held under the provisions of the Absentee Voting Law (Code, Article 33, Section 123 *et seq.*, as enacted by Chapter 934 of the Acts of 1945), the country being still officially at war. These provisions fixed the date of the primary election as June 24, 1946, and provided that all candidates for nomination must file their certificates on or before April 15, 1946. It is further provided (Sec. 130A) that "No candidate shall withdraw within sixty-five (65) days preceding the primary or general election."

The petition for mandamus alleges that a certain Edgar Adams in due time and in proper form filed his certificate of candidacy for the Republican nomination as a County Commissioner from the Fourth Election District of Anne Arundel in the primary election of June 24, 1946. That he did so for the purpose of filling the place and later withdrawing so that the vacancy could be filled by the Republican State Central Committee. On April 20, 1946, Adams filed with the defendants (appellees here) his request that his name be withdrawn as a candidate for County Commissioner and that refund

be made of his filing fee, paid at the time of filing his certificate of candidacy. These requests were complied with by the appellees. Thereafter on August 24, 1946, which was clearly not within 65 days of the general election, the Republican State Central Committee attempted to fill the vacancy thus apparently created by certifying to the appellees the name of the appellant Pumphrey and paying Pumphrey's filing fee. The appellees at first accepted this certificate and printed Pumphrey's name on the absentee ballots, sent to applicants therefor who were absent in military service. Thereafter, on October 17, 1946, the appellees ruled that Pumphrey had not been properly nominated, and that his name would not be placed on the official ballot to be used at the election to be held on November 5, 1946.

By Section 55 of Article 33, a State Central Committee for a county is authorized to fill any vacancy occurring because of the resignation or death of any person nominated as a candidate for an office in that county, but by Section 43 this power is restricted to cases of death, declination of nomination or the becoming inoperative or insufficient of any certificate of nomination "from any cause occurring after the period of time for the filling of vacancies in party nominations as is prescribed by Section 39." This restriction was inserted after the decision of this Court in *Rasin v. Leaverton,* 181 Md. 91, 28 A. 2d 612, 143 A. L. R. 1021. By Section 39 it is provided that in case of any vacancy "by reason of there being no candidate to file for the same in any such primary election such vacancy shall be filled * * * not later than fifteen days before the * * * primary * * *."

The first question before us is the proper interpretation of the quoted provision of Section 130A. If Adams' withdrawal was not within the prohibited period of 65 days, then the vacancy thus created had to be filled not later than 15 days before June 24, 1946. As Pumphrey's certificate was not filed until August 24, 1946, he would not in such case be entitled to have his name on the ballot. Adams withdrew on April 20th. There

were then 10 more days in April, 31 days in May and 24 in June, counting the day of the primary. This makes a total of 65 days including the day of the primary, but excluding the date of withdrawal. By this calculation Adams did not withdraw within the prohibited 65-day period. On the other hand, the appellants contend that both the day of the primary and the date of withdrawal should be excluded, which puts Adams' withdrawal within the 65 days and makes it void. Therefore, as they contend Adams became the nominee and his attempted withdrawal should be held a declination of nomination after the primary and not within 65 days of the general election. Hence they say that the vacancy thus created was one that could be filled by the State Central Committee on August 24th, and was so filled. The court below passed the first question without deciding it, but held that the request of Adams could not be treated as a declination of the nomination, and, therefore, in effect decided that Adams and not Pumphrey was the nominee. We agree with the action of the court in dismissing apppellants' petition, but we think it could have been placed upon other grounds.

The method of computation of time, long a matter of difficulty, has been settled in this State by the passage of the Act of 1941, Chap. 522, codified as Section 2, Article 94 of the Code, 1943 Supp., which reads in part as follows: "In computing any period of time prescribed or allowed * * * by any applicable statute, the day of the act * * * after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included." Applying this rule of interpretation, the day of the act of withdrawal, April 20th, is not to be included but the day of the primary, June 24th, is. Therefore, Adams did not withdraw within 65 days of the primary, and the appellees were correct in accepting his request and returning his deposit.

Appellants claim that as to the election law, the general rule of interpretation is changed by the provisions

of Section 196 of Article 33. This states that "In computing the times for notices to be given under this Article, Sunday shall be included, except when the day on which said notice should be given should happen to fall on Sunday, in which event the same shall be given on the Monday following; the day of giving the notice and the day of registration or election shall be excluded." We think this is clearly applicable only to notices required to be given by registration and election officials, and was not so framed as to apply to the filing or the withdrawal of certificates of candidacy or of nomination. It is an exception to the general law, and, therefore, should be strictly construed. We so construe it, and confine it to official notifications made necessary by the election laws. Appellants also contend that the words of Section 130A contemplate no withdrawal within a period of 65 "clear" days, and cite as authority *Walsh v. Boyle,* 30 Md. 262; *Graham v. Wellington,* 121 Md. 656, 89 A. 232; *Owens v. Graetzel,* 146 Md. 361, 126 A. 224, 39 A. L. R. 943, and *Iverson v. Jones,* 171 Md. 649, 187 A. 863. These cases are concerned with statutes where a definite and precise indication is given that "clear" time is meant by the use of words such as "at least" or "not less than." We find no such meaning in the word "within." *Stiegler v. Eureka Life Ins. Co.,* 146 Md. 629, at pages 655, 656, 127 A. 397. And the cases hold, that in the absence of such meaning, the day of the act is to be excluded, which is the rule subsequently adopted by the Legislature.

The conclusion of the Court as expressed in the *per curiam* order, was that a vacancy occurred prior to the primary which was not validly filled. We therefore affirmed the order appealed from.