779 P.2d 1296

**William MACIBORSKI, Jr., the Personal Representative of the Estate of William Maciborski, Sr., deceased, Plaintiff–Appellee,**

**v.**

**CHASE SERVICE CORPORATION OF ARIZONA, an Arizona corporation, Defendant–Appellant.**

No. 1 CA–CV 88–112.

Court of Appeals of Arizona, Division 1, Department B.

March 30, 1989.

Reconsideration Denied May 26, 1989.

Review Denied Oct. 24, 1989.

**558**

Jennings, Strouss & Salmon by Glenn J. Carter and Jefferson L. Lankford, Phoenix, for defendant-appellant.

Glenn J. Gimbut and Hunt, Stanley, Hossler & Moore, Ltd. by Gerald W. Hunt, Yuma, for plaintiff-appellee.

## OPINION

EUBANK, Judge.

The issue presented in this appeal is whether appellant Chase Service Corporation (Chase) served a notice of forfeiture upon appellee William Maciborski "at least twenty days prior to the effective date of the forfeiture" pursuant to A.R.S. § 33–743(A). This case requires us, among other things, to determine how a time period is to be computed when the words "at least" are used in a statute. The trial court granted the appellee summary judgment and Chase appeals from it.

## FACTS AND PROCEDURAL HISTORY

William Maciborski, Sr. became the successor in interest to the purchasers of a parcel of property under an installment land sale contract executed in 1980. The seller of the property was Jean (Holmes) Bancroft. Payments were not made and at the seller's request, Chase, who was the servicing agent, issued a "notice of election to forfeit." William Maciborski, Sr. had died, and therefore the notice was mailed to William Maciborski, Jr., personal representative of the decedent's estate, on May 28, 1987. The notice stated that the buyer had failed to make both the 1986 and 1987 annual installment payments. The notice required that the buyer cure the default by paying the monies due "prior to five o'clock (5:00) p.m. on the 17th day of June, 1987," or his interest in the property would be forfeited. This notice was the statutory form notice set out in A.R.S. § 33–743(B).

On July 17, 1987, William Maciborski, Jr., as personal representative of his father's estate filed a complaint for declaratory relief, injunction, and reinstatement of the agreement of sale of real property, naming Jean Bancroft and Chase as defendants. In count one of the complaint, Maciborski sought a declaratory judgment that the proper notice for forfeiture had not been given and that notice would have to be served again before the property could be forfeited. In count two of the complaint, Maciborski asked that the seller be enjoined from transferring the real property and that the agreement of sale between the parties be reinstated. Maciborski alleged in this count not only that improper notice had been given, but also that the seller had entered into an agreement with Maciborski to the effect that no further payments would be required until the estate was closed.

Chase moved to dismiss the complaint against it on the basis that it had served proper notice as required by the statute. Bancroft filed a notice of joinder in Chase's motion to dismiss. Maciborski filed a cross-motion seeking summary judgment on his complaint solely on the grounds that proper notice of forfeiture had not been given. All of the parties requested attorney's fees.

The trial court denied the defendants' motions to dismiss and granted the plaintiff's motion for summary judgment. The trial court stated its reasoning in the order as follows:

The matter at issue is how many days are encompassed between a mailing at some hour on May 28, 1987 and the "close of business" on June 17, 1987 for purposes of the application of A.R.S. § 33–743(A). The Court finds that the notice must have given the Plaintiff until midnight, June 17, 1987, and is thus short seven hours.

There is, in this Court's mind, a considerable difference between procedural rules and substantive rights. To forfeit an interest in real property, one must strictly follow the rules set down for such a forfeiture.

The propriety of the forfeiture resting on the validity of this notice, that forfeiture must fail.

Therefore, there being no material issue of fact which is disputed, and upon those undisputed facts, the Plaintiff is entitled to judgment.

The trial court also ruled in the order that it would award attorney's fees to the plaintiff against Chase after it was provided with an appropriate affidavit regarding the attorney's fees incurred. Chase, alone, filed a notice of appeal from the trial court's order of summary judgment. The notice of appeal was filed before the trial court determined the amount of the attorney's fees award. Thereafter, the trial court declined to determine the amount of attorney's fees award, ruling that it had been divested of jurisdiction after the notice of appeal was filed.

## JURISDICTION

As a preliminary matter, we will comment briefly on the contention made by Maciborski in his answering brief that this court lacks jurisdiction to consider this appeal because the judgment does not dispose of all claims and contains no language of finality pursuant to Rule 54(b), Arizona Rules of Civil Procedure. Maciborski points out that the matter of determining the amount of attorney's fees was still pending and that the claims contained in count two of his complaint had not been addressed. Maciborski suggests that the appeal is premature and should be dismissed pursuant to *Pulaski v. Perkins*, 127 Ariz. 216, 619 P.2d 488 (App.1980).

We note that after Maciborski filed his answering brief, he also raised these same arguments in a motion to dismiss the appeal. In response to the motion to dismiss,

Chase cited to *Trebilcox v. Brown & Bain, P.A.*, 133 Ariz. 588, 653 P.2d 45 (App.1982), which provides that a request for attorney's fees is not a separate claim, that the absence of a disposition of a request for attorney's fees does not preclude an otherwise final judgment from becoming final and appealable, and that the trial court loses jurisdiction to award attorney's fees after a notice of appeal is filed. Chase pointed out that Maciborski's claim in count two was merely an alternative backup theory which would never have to be decided since he won a total judgment on count one, stopping the forfeiture of his interest in the property. Chase also suggested that if Maciborski had wanted the judgment to spell out the relief different from that stated in the judgment, Maciborski should have provided the court with a proposed form of judgment, filed objections to the form of judgment, or moved to alter or amend the judgment under the provisions of the Arizona Rules of Civil Procedure. Chase argued that the failure to do any of these things on Maciborski's part did not prevent the judgment from becoming final.

After considering the motion to dismiss and the responsive pleadings, this court denied the motion to dismiss on August 16, 1988.[1] Having determined by denying the motion to dismiss that the judgment is appealable, we now proceed to the issue presented in this appeal, whether timely notice of forfeiture was given.

## TIMELINESS OF NOTICE

The statutory scheme providing for forfeiture and reinstatement of a purchaser's interest in installment land sale contracts is set forth in A.R.S. § 33–741 *et seq.* If a purchaser defaults by failing to pay monies due under the contract, and the requisite time period provided in A.R.S. § 33–742(D) has passed, the seller may elect to forfeit the purchaser's interest. A.R.S. § 33–743 governs the notice that must be provided before forfeiture can be declared, requiring service of notice upon interested parties

---

1. We also indicated in the order denying the motion that we would entertain a motion to revest jurisdiction in the superior court for the limited purpose of determining the attorney's fees question, but no motion to that effect has been filed.

including the purchaser "at least twenty days prior to the effective date of the forfeiture." The statute provides for the service to be made "either by delivery in person or by deposit in the United States mail, first class, postage prepaid...."

The undisputed facts in this case are that Chase served notice on Maciborski by mailing a notice of election to forfeit sometime on May 28, 1987. The notice required that Maciborski cure the default "prior to five o'clock (5:00) p.m. on the 17th day of June, 1987" to avoid forfeiture. The question presented is whether the mailing of notice on May 28, 1987, satisfied the twenty-day notice requirement.

It is clear that only nineteen days lie "between" May 28, the date that notice was mailed, and June 17, the date that forfeiture was to be declared if payment was not received by 5:00 p.m. that day. Therefore, twenty days notice was not given unless it is permissible to count one of the terminal days within the notice period. However, including either of the terminal days would not satisfy the notice requirement if it is determined that the statute requires that each day of the notice period be a full twenty-four-hour day. Presumably, Chase did not mail its notice precisely after midnight on May 27, and therefore its mailing of notice sometime on May 28 did not provide a full twenty-four-hour notice on that day. Similarly, at the other end, Maciborski was not given until midnight on June 17 to make payment, and therefore that day did not provide a full twenty-four-hour notice.

The trial court in this case concluded that the statute requiring notice "at least twenty days prior to the effective date of the forfeiture" should be interpreted as requiring a notice period consisting of twenty full twenty-four-hour days. The trial court concluded that the notice mailed on May 28 would have been timely only if it had given Maciborski until midnight on June 17, 1987, instead of until 5:00 p.m. to make payment. The trial court effectively determined that in computing the notice period required under A.R.S. § 33–743, both terminal days must be excluded.

Chase argues that the trial court erred in its method of counting the time period and in reaching the legal conclusion that timely notice had not been provided. Chase argues that under applicable Arizona law, the time period should be calculated by starting with the day of forfeiture and counting backward to determine the twenty days and that June 17, as the first day of the time period, should be excluded and May 28, as the last day, should be included, regardless of whether it was a full day.

In reviewing a judgment entered by the trial court, this court is not bound by conclusions of law reached by the trial court. *Gary Outdoor Advertising Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242, 650 P.2d 1222, 1224 (1982). We also bear in mind, though, that if the trial court has reached the correct conclusion, this court will affirm the trial court even if it has reached such conclusion for the wrong reasons. *Certified Collectors, Inc. v. Lesnick*, 116 Ariz. 601, 570 P.2d 769 (1977).

We note that the Arizona legislature has provided a general rule to govern the method of computing the time in which an act is required to be done by statute. A.R.S. § 1–243 provides in relevant part that "[t]he time in which an act is required to be done shall be computed by excluding the first day and including the last day...." We also note that the same method of computing time is set forth in Rule 6(a), Arizona Rules of Civil Procedure, which provides in relevant part:

> In computing any period of time prescribed or allowed by these rules, by any local rules, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.... The last day of the period so computed shall be included....

When such a rule is in effect, the method of counting remains the same whether one is required to count forward to a date or backward from a date. *See e.g., People v. Harvey*, 193 Cal.App.3d 767, 238 Cal.Rptr. 516 (1987).

The Arizona Supreme Court, in *Equitable General Ins. Co. v. Helm*, 128

Ariz. 6, 623 P.2d 365 (1981), has recognized that where a court rule refers to a time period that precedes an event, the application of Rule 6(a) to the other rule requires that the days be counted backward from the precipitating event. In *Equitable*, the court was called upon to determine how the time period provided in Rule 42(f)(1)(C), Arizona Rules of Civil Procedure, should be calculated. This rule, providing for the filing of notice of change of judge, stated that "[a] notice is timely if filed twenty or more days before the date set for trial." Trial in that case had been set for December 16, 1980, and notice of change of judge was filed on November 26, 1980. In applying Rule 6(a) to Rule 42(f)(1)(C), the court stated:

> The language in Rule 6(a) quoted above anticipates time periods which follow a certain event. Rule 42(f)(1)(C), to the contrary, refers to a time period which precedes an event. Application of Rule 6(a) to Rule 42(f)(1)(C) requires the simple adaptation of counting days backward instead of forward from the precipitating event. The date set for trial is "the day ... from which the designated period of time begins to run," and is not included in computing the twenty-day period. Counting backward from the trial date, the last day of the twenty-day period, here November 26, is included.

128 Ariz. at 7, 623 P.2d at 366. The notice was held to be timely since the rule allowed the date of filing the notice to be counted as the last day. The date of filing was counted as a "day" even though it had obviously been only a portion of a full day.

Chase argues that the holding in *Equitable* is applicable to this case and mandates that we find the notice given to be timely. If so, June 17 would be excluded but May 28 would be included as the twentieth day, making the notice timely.

■ We agree that the time period provided in A.R.S. § 33–743 should be computed by counting backward from the date of forfeiture for the reasons stated in *Equitable*. As with Rule 42(f)(1)(C) in that case, A.R.S. § 33–743 in this instant case refers to a time period which precedes an event—the event in this case being forfeiture. Since the language of A.R.S. § 1–243(A) is identical in all relevant respects to the language of Rule 6(a), its application to A.R.S. § 33–743 would require that the time period be computed by counting backward from June 17, the date of forfeiture. June 17 would be excluded and the twentieth day preceding it would be May 28, the day on which Chase mailed notice. We must decide, though, whether there is any reason to conclude that in A.R.S. § 33–743, the legislature intended to require twenty "full" days rather than the nineteen days and a partial day which would transpire if the day of the filing of notice is allowed to be counted as the last day in the time period.

The trial court evidently believed that the Arizona Supreme Court reached its decision to count the day of the filing of notice as part of the time period in *Equitable* only because that case dealt with procedural rules rather than substantive rights. Because A.R.S. § 33–743 is a statute affecting a substantive right, an interest in real property, the trial court concluded that the legislature did not mean for a partial day to serve as one of the "days" in the notice period. The trial court further justified its conclusion by noting that one must strictly follow the rules set down for a forfeiture.

We agree that where a party is seeking to forfeit an interest in property, he must strictly comply with all requirements for the forfeiture. *See generally Patton v. First Federal Savings & Loan Ass'n*, 118 Ariz. 473, 477, 578 P.2d 152, 156 (1978); *Glad Tidings Church of America v. Hinkley*, 71 Ariz. 306, 311, 226 P.2d 1016 (1951). It is particularly true that where a statute details how to give notice, the statute must be strictly followed. *Main I Limited Partnership v. Venture Capital Constr. & Dev. Corp.*, 154 Ariz. 256, 258, 741 P.2d 1234, 1236 (App.1987).

■ It does not necessarily follow, however, that strict compliance with a notice requirement means that the notice period must consist of "full" days and therefore exclude both terminal days. The *Equitable* case did deal with the application of

Rule 6(a) to Rule 42(f)(1)(C), both of which are procedural rules. As indicated previously, though, the general rule for computing time by excluding the first day and including the last day of a time period is embodied not only in a rule of civil procedure, but also in one of our statutes, A.R.S. § 1–243. The statute provides for time periods to be computed in that manner regardless of whether the time period involves merely procedural matters or impacts upon substantive rights. We conclude that the general rule is to be used in all computation of time within a statute unless the particular statute under question provides differently.

■ Before scrutinizing the language of the statute involved in this case, we comment on the fact that Maciborski has cited numerous cases which contain language to the effect that the word "day" generally means a calendar day consisting of twenty-four hours from midnight to midnight. *E.g., Dinkler v. Jenkins*, 118 Ga.App. 239, 163 S.E.2d 443 (1968); *State v. Sheets*, 338 N.W.2d 886 (Iowa 1983). Maciborski offers these cases as proving that all of the days in the time period of a statute must be full calendar days. We have reviewed the numerous cases cited by Maciborski and find them to be inapplicable to the question of whether a terminal day, which is only a portion of a whole twenty-four-hour day, can be included in the time period. To the contrary, we find it consistently stated in cases which have decided that a partial day may be considered a "day" that the law takes no notice of fractions of a day and deems any fraction of a day to be a "day." *E.g., People v. Harvey*, 193 Cal.App.3d 767, 773, 238 Cal.Rptr. 516, 518 (1987); *Oliason v. Girard*, 57 Idaho 41, 46, 61 P.2d 288, 290 (1936); *State v. Lacklen*, 129 Mont. 243, 284 P.2d 998 (1955).

This brings us to our examination of A.R.S. § 33–743 to determine whether there is anything within the language of that statute that would indicate the legislature's intent that the time period provided therein not be governed by the general rule, but instead that "full" days be required. The statute provides that notice is to be served *"at least* twenty days prior to the effective date of the forfeiture." (Emphasis added.) We note that the words "at least" did not appear in the time provision with which the Arizona Supreme Court was concerned in the *Equitable* case. Maciborski argues that the legislature's use of the words "at least" in A.R.S. § 33–743 reveals its intention that twenty "full" days be required and therefore both terminal days be excluded from the notice period.

There is a decided conflict of opinion among courts that have considered what effect phrases such as "at least" or "not less than" have on the computation of time where an act is required to take place "at least" or "not less than" a certain number of days before a known future date. Many courts have held that such expressions have no effect on the general rule: that in computing time for performance of an act or event required to take place a certain number of days before a known future date, one terminal day is included and the other excluded. *E.g., Santow v. Ullman*, 166 A.2d 135 (Del.1960); *Barron v. Green*, 13 N.J.Super. 483, 80 A.2d 586 (1951); *Oliason v. Girard*, 57 Idaho 41, 61 P.2d 288 (1936); *People v. Harvey*, 193 Cal.App.3d 767, 238 Cal.Rptr. 516 (1987). On the other hand, other courts have taken the view that words such as "at least" or "not less than" imply a count of "clear" or "full" days and that when such phrases are used, both the first and the last terminal days must be excluded from the computation. *E.g., Treat v. Town Planning and Zoning Commission*, 145 Conn. 136, 139 A.2d 601 (1958); *Pumphrey v. Stockett*, 187 Md. 318, 49 A.2d 804 (1946); *Boring v. Boring*, 155 Kan. 99, 122 P.2d 743 (1942) [See numerous other cases supporting both positions cited in Annot., 98 A.L.R.2d 1364 (1964).]

The courts of Arizona have not yet decided the effect of such phraseology on the computation of time. The question was apparently raised but not decided in *Neil B. McGinnis Equipment Co. v. Henson*, 2 Ariz.App. 59, 406 P.2d 409 (1965), wherein publication of a notice had been required "at least five days before the sale." The court found that the general time computa-

tion rule enumerated in A.R.S. § 1–243 was not applicable for other reasons and therefore noted that it did not need to decide what line of authority to follow to determine whether the phrase "at least five days notice" required five "full" days or whether a terminal day could be included in the time period.

In studying the cases that conclude that the phrases "at least" or "not less than" require "full" or "clear" days, we find little analysis made by the courts in reaching their decision. These cases tend to skip straight to the conclusion that by including such language in the statute the legislature meant to require "full" days or merely rely on other cases which have so held. We find no adequate explanation for why the addition of the phrase "at least" to the phrase "twenty days notice" should produce the effect of requiring twenty-one days notice.

We find, generally, that the cases which reject the view that such phrases change the general rule for computation of time are better reasoned. For example, in *Santow v. Ullman*, 166 A.2d 135 (Del.1960), the Delaware Supreme Court rejected the adoption of the "clear days" exception to the general computation rule after studying the meaning of the phrase "at least." The court reasoned:

> Why should the computation of time depend upon the use or non-use of the phrase "at least"? If it be said that the words are inserted with a purpose, it may be replied that the purpose might be to anticipate a possible technical objection that a longer notice than the prescribed number of days would not be proper....
>
> In any event the sufficient answer is that the natural import of the phrase "at least" is, as above stated, to express the idea of a minimum and nothing more. It does not in itself affect the general rule for the computation of time.

*Id.* at 139. In addition to noting that the phrase "at least" evidences no legislative intent to require a longer time than that required by the general rule, the court also pointed out how easy it would be for the legislature to find language that would clearly evidence such an intent.

Similary, in *Barron v. Green*, 13 N.J.Super. 483, 489, 80 A.2d 586, 589 (1951), in which the court was interpreting the statutory requirement that a petition be filed "at least forty days prior to the election," the court found no intention by the legislature to require that the petition be filed on the forty-first day prior to the election rather than on the fortieth day. The court noted:

> Strikingly, there is a difference between the phrase "at least 40 days prior to" and the phrase "prior to 40 days before election." The one definitely means the fortieth day before and the other means 40 entire days shall intervene between the election and the filing day.

*See also Oliason v. Girard*, 57 Idaho at 46, 61 P.2d at 290.

We agree with the courts who find that there is nothing within the meaning of the phrases "at least" or "not less than" that would indicate a legislative intent that an exception to the general rule of time computation is intended. We find no ambiguity in this language and believe that the only reason for its use in a statute is to indicate that it is stating the minimum time period and that a longer time would be permissible.

We are of the opinion that the trial court erred in concluding that Chase did not provide timely notice of forfeiture and in failing to grant its motion to dismiss. We reverse the trial court's summary judgment for Maciborski and remand for entry of judgment in favor of Chase. We remand also for further proceedings on the alternative claim brought against Bancroft that she should not be allowed to forfeit Maciborski's interest in the property because she had agreed to a postponement of payments due under the installment sale contract.

Chase requests an award of attorney's fees on appeal pursuant to A.R.S. § 12–341.01(A) and the provisions of its account servicing agreement. We grant attorney's fees in an amount to be determined upon Chase's submission of an affi-

davit in compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

The summary judgment is reversed and this matter is remanded.

CONTRERAS, P.J., and CLABORNE, J., concur.