218 P.3d 1061

**STATE of Arizona, Appellee,**

v.

**Keith Francis LYCHWICK, Appellant.**

No. 1 CA–CR 08–0517.

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 22, 2009.

Terry Goddard, Arizona Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Michael T. O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Charles R. Krull, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

DOWNIE, Judge.

¶ 1 Keith Francis Lychwick ("defendant") appeals from his conviction and sentence for aggravated harassment, a class 1 misdemeanor, in violation of Arizona Revised Statutes ("A.R.S.") section 13–2921.01 (Supp. 2008).[1] We hold that, in determining the validity of an injunction against harassment, the date of service is not included in the "one year" calculation. We thus affirm defendant's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND[2]

¶ 2 In October 2003, defendant was laid off from his job. He became hostile and bellig-

---

1. We cite to the current version of the applicable statute because no revisions material to this decision have since occurred.

2. We view the evidence in the light most favorable to sustaining defendant's conviction. *State v. McCurdy*, 216 Ariz. 567, 573, ¶ 14, 169 P.3d 931, 937 (App.2007); *accord State v. Tison*, 129

erent and had to be escorted from his employer's premises. Thereafter, defendant made harassing phone calls to his manager, B.F., who made the lay-off decision. Because the calls became increasingly aggressive, B.F. obtained an injunction against harassment ("injunction") against defendant on January 10, 2005.

¶ 3 B.F. continued to receive harassing phone calls from defendant. On January 13, 2006, B.F. obtained a second injunction, prohibiting defendant from contacting her or her family and from going near B.F.'s residence. This second injunction was served on defendant on January 17, 2006, at 11:00 a.m.

¶ 4 On January 17, 2007, at approximately 10:00 a.m., B.F. was working at home when she heard a car approach. She looked out the window and saw a blue minivan slowly pass. When it passed a second time, B.F. recognized defendant as the driver. Defendant flung a white package onto B.F.'s driveway. B.F. got into her car and followed the minivan, noting its license plate number. As the minivan stopped to turn left, B.F. passed and saw defendant from the side. She turned the car around and, from the opposite direction facing the minivan, again saw defendant was the driver. B.F. dialed 9–1–1 and went to a neighbor's house to wait for police. A bomb-sniffing dog indicated that the package was not hazardous. Police opened it and found the following items:

(1) a "WITH SYMPATHY" card that read:

"May time's passing

somehow help

to ease your loss and sorrow,

And may the memories

left behind

bring comfort for tomorrow.";

(2) a note that read:

"IT HURTS WHEN YOU LOSE A

LOvED ONE BUT iT WILL

HAPPEN we CAN HeLP";

(3) a Halloween card that read:

"Thinking of You ON HALLOWEEN

["Hooooooo," with image of owl]

When nighttime falls

all around you

and scary sights are seen,

'owl' be missing you . . .

["Boooooooo," with image of jack-o-lantern]

. . . and wishing you

a fun-filled Halloween!";

(4) a rock inscribed with: "R.I.P.";

(5) a pink static bag that defendant testified, "looks like a static bag from work."

B.F. believed these items constituted threats against her life and did not return home for two nights. Defendant's fingerprints were found on the envelope containing the sympathy card. The blue minivan was registered to the "Lychwick Foundation Trust, Family Trust."

¶ 5 Defendant was indicted for aggravated harassment, a class 6 felony. The State subsequently reduced the charge to a class 1 misdemeanor. Defendant waived his right to a jury trial, and a bench trial ensued. At the conclusion of the State's case-in-chief, defendant moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure ("Rule") 20, arguing that the alleged harassment occurred after the injunction had expired. The court denied the motion. Defendant then presented an alibi defense, testifying that he could not have been the person B.F. saw because: (1) he is epileptic and cannot drive, and (2) he was with his father shopping for lawnmower parts at the time of the alleged offense.

Ariz. 546, 552, 633 P.2d 355, 361 (1981), *cert. denied*, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982).

¶ 6 The trial court found defendant guilty of aggravated harassment and sentenced him accordingly.[3] Defendant timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001) and –4033 (2001).

## DISCUSSION

¶ 7 We review a trial court's ruling on a Rule 20 motion for an abuse of discretion and reverse a conviction only if there is no substantial evidence to support each element of the offense. *See State v. Ross,* 214 Ariz. 280, 283, ¶ 21, 151 P.3d 1261, 1264 (App.2007); *State v. McCurdy,* 216 Ariz. 567, 573, ¶ 14, 169 P.3d 931, 937 (App.2007). "An abuse of discretion exists when the trial court commits an error of law in . . . exercising its discretion." *Ross,* 214 Ariz. at 283, ¶ 21, 151 P.3d at 1261 (quoting *Fuentes v. Fuentes,* 209 Ariz. 51, 56, ¶ 23, 97 P.3d 876, 881 (App. 2004)). We review de novo the trial court's interpretation of a statute. *State v. Barnett,* 209 Ariz. 352, 354, 101 P.3d 646, 648 (App. 2004).

¶ 8 Defendant argues his conviction cannot stand because the injunction had expired one day before the alleged acts of harassment. We disagree. "Aggravated harassment" is defined, in pertinent part, as follows:

A. A person commits aggravated harassment if the person commits harassment as provided in § 13–2921 and any of the following applies:

1. A court has issued an order of protection or an injunction against harassment against the person and in favor of the victim of harassment and the order or injunction has been served *and is still valid.*

3. Defendant has not challenged the terms of his sentence.

4. Harassment under A.R.S. § 13–2921 is defined, in pertinent part, as:

A. A person commits harassment if, with intent to harass or with knowledge that the person is harassing another person, the person:
1. Anonymously or otherwise communicates or causes a communication with another person by verbal, electronic, mechanical, tele-

A.R.S. § 13–2921.01(A)(1) (emphasis added). Defendant does not deny being personally served with the injunction on January 17, 2006. Nor does he challenge, on appeal, the underlying facts supporting a finding of harassment under A.R.S. § 13–2921 (2001).[4] Defendant's sole contention is that the injunction was not "still valid" on January 17, 2007, thus precluding a conviction for aggravated harassment.

¶ 9 In terms of the effective dates of an injunction against harassment, A.R.S. § 12–1809(J) (2003) reads, in pertinent part:

The injunction is effective on the defendant on service of a copy of the injunction and petition and expires one year after service on the defendant.

We consider the statute's language as the best and most reliable index of the enactment's meaning. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). "If the language is clear, the court must 'apply it without resorting to other methods of statutory interpretation' unless application of the plain meaning would lead to impossible or absurd results." *Bilke v. State,* 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003) (quoting *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994)). To determine the plain meaning of a term in a statute, courts refer to established and widely used dictionaries. *W. Corr. Group, Inc. v. Tierney,* 208 Ariz. 583, 587, ¶ 17, 96 P.3d 1070, 1074 (App.2004).

¶ 10 On appeal, the State contends "one year" should be computed from the exact time the injunction was served, arguing "a victim of harassment should be given the *full* year of protection that A.R.S. § 12–1809 contemplates." Accordingly, the State argues the injunction was effective from 11:00 a.m.

graphic, telephonic or written means in a manner that harasses.
. . . .
3. Repeatedly commits an act or acts that harass another person.
. . . .
E. For purposes of this section, "harassment" means conduct directed at a specific person which would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person.

on January 17, 2006, until 11:00 a.m. on January 17, 2007. We disagree.

¶ 11 "With very limited exceptions ... common law legal systems have long reckoned periods of legal significance by the calendar, not by the clock." *Lagandaon v. Ashcroft,* 383 F.3d 983, 990–91 (9th Cir.2004). "[T]he law takes no notice of fractions of a day and deems any fraction of a day to be a 'day.'" *Maciborski v. Chase Serv. Corp. of Ariz.,* 161 Ariz. 557, 562, 779 P.2d 1296, 1301 (App.1989) (counting the day plaintiff gave notice as a whole day toward minimum twenty-day notice requirement); *State v. Carnegie,* 174 Ariz. 452, 454, 850 P.2d 690, 692 (App.1993) (pre-incarceration credit based on "time actually spent" does not require full twenty-four hour period to receive full-day credit).

¶ 12 At trial, the State objected to defendant's Rule 20 motion under a different theory—arguing that the day the injunction was served should be excluded under general principles governing computation of time. We agree with this contention.

¶ 13 A "year" is defined as "twelve calendar months beginning January 1 and ending December 31" or "[a] consecutive 365–day period beginning at any point." Black's Law Dictionary 1646 (8th ed. 2004). The plain language of section 12–1809(J) dictates that an injunction becomes effective upon service on the defendant and expires "one year *after* service." [Emphasis added.] Giving effect to the phrase "one year after service" and the principle that "[t]he law takes no notice of fractions of a day," *Maciborski,* 161 Ariz. at 562, 779 P.2d at 1301, we conclude that the date of service is excluded when calculating the injunction's expiration date.

¶ 14 This interpretation is consistent with statutes and rules of court providing that, in computing time, the first date of legal significance is typically excluded. A.R.S. § 1–243 (Supp.2008), for example, states: "[T]he time in which an act is required to be done shall be computed by excluding the first day and including the last day...." Similarly, Rule 1.3(a), Arizona Rules of Criminal Procedure, provides: "In computing any period of time

of more than 24 hours prescribed by these rules, by order of court, or by an applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included." Rule 6(a), Arizona Rules of Civil Procedure, states: "In computing any period of time prescribed or allowed by these rules ... the day of the act, event or default from which the designated period of time begins to run shall not be included." *See also State v. Cabrera,* 202 Ariz. 296, 297–300, 44 P.3d 174, 175–78 (App. 2002) (finding period from October 13 to October 29, 2000, was sixteen days because the first day is excluded but the last day is included under Rule 6(a) or Rule 1.3.).

¶ 15 Section 12–1809(J) plainly dictates a one-year period following a specific act, i.e., service of the injunction. Excluding the date of service (January 17, 2006) makes January 17, 2007 the 365th day, thus placing defendant's acts within the period of the injunction's validity.

## CONCLUSION

¶ 16 For the foregoing reasons, we affirm defendant's conviction and sentence.[5]

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and SHELDON H. WEISBERG, Judge.

---

5. Based on our determination, we need not consider the State's alternative argument that, if the injunction had expired, defendant would never-

theless be guilty of the lesser-included offense of simple harassment.