IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**BSI HOLDINGS, LLC**,
*Plaintiff/Appellee*,

*v.*

**ARIZONA DEPARTMENT OF TRANSPORTATION**,
*Defendant/Appellant.*

No. CV-17-0241-PR
Filed May 24, 2018

Appeal from the Arizona Tax Court
The Honorable Christopher Whitten, Judge

No. TX2014-000444
**REMANDED**

Opinion of the Court of Appeals, Division One
242 Ariz. 621 (App. 2017)
**VACATED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, Dominic E. Draye (argued), Solicitor General, Mark Ingle, Assistant Attorney General, Phoenix, Attorneys for Arizona Department of Transportation

Christopher T. Rapp (argued), Ryan Rapp & Underwood, PLC, Phoenix, Attorney for BSI Holdings, LLC

Timothy I. McCulloch (argued), Erica A. Morris, Dickinson Wright PLLC, Phoenix, Attorneys for Amicus Curiae Arizona Business Aviation Association

————————

JUSTICE BOLICK authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE BRUTINEL, and JUSTICES PELANDER, TIMMER, GOULD, and LOPEZ joined.

————————

JUSTICE BOLICK, opinion of the Court:

**¶1**        Arizona Revised Statute § 28-8336 establishes a license tax for "a nonresident whose aircraft is based in this state for more than ninety days but less than two hundred ten days in a calendar year." We granted review to determine the meaning of the term "day" as used in § 28-8336. Although we reject the court of appeals' holding that it "means any calendar day during which the aircraft was on the ground in Arizona for any period of time," *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 242 Ariz. 621, 622 ¶ 1 (App. 2017), ultimately the meaning can be construed only in the context of the days an aircraft is "based in" the state. Because the parties have not fully addressed, nor did the tax court decide, the meaning of the term "based in," we cannot fully resolve the issue on the current record, and therefore remand to the tax court for further proceedings.

## BACKGROUND

**¶2**        BSI Holdings ("BSI") is an Oregon limited liability company formed to purchase, operate, and maintain a jet used by Arizona resident (and BSI member) Richard Burke and his family for personal purposes. The jet was regularly flown into and out of Scottsdale Airport, where BSI had a tie-down arrangement/hangar agreement during the period at issue.

¶3	In 2004, BSI and the Arizona Department of Transportation ("ADOT") resolved an aircraft license tax fee dispute, agreeing that BSI would pay no tax for 2003 and the nonresident rate applicable for aircraft based in Arizona for more than 90 days but fewer than 210 days for 2004. *See* A.R.S. § 28-8336. BSI subsequently paid the nonresident rate for tax years 2005 through 2012.

¶4	ADOT later conducted an audit and concluded the jet was based in Arizona for more than 210 days in each year from 2004 through 2012 and therefore subject to the higher license tax rate prescribed in A.R.S. § 28-8335. The agency assessed BSI for $161,004 and recorded a lien against the jet.

¶5	After an unsuccessful administrative proceeding, BSI filed this action to challenge ADOT's assessment. The parties filed cross-motions for summary judgment disputing, among other issues, the meaning of the term "day" in § 28-8336.

¶6	The tax court granted partial summary judgment in favor of BSI. It concluded that the term "day" in § 28-8336 is undefined and unclear. The tax court cited *State ex rel. Arizona Department of Revenue v. Capitol Castings, Inc.*, 207 Ariz. 445, 447 ¶¶ 9–10 (2004), in holding that when statutes' "legislative intent cannot be determined, they are to be construed liberally in favor of the taxpayer." Applying that rule, the court concluded that BSI was entitled to the discounted, nonresident tax rate in § 28-8336, later clarifying that the statutory definition of "day" is "any period of twenty four hours."

¶7	The court of appeals vacated and remanded the tax court's judgment. *BSI Holdings*, 242 Ariz. at 622 ¶ 1. The court agreed that the statute is ambiguous. *Id.* at 624 ¶ 14. It cited *Harris Corp. v. Arizona Department of Revenue*, 233 Ariz. 377, 384 ¶ 23 (App. 2013), for the proposition that the rule construing tax statutes liberally in favor of the taxpayer "applies only if a statute remains ambiguous after utilizing tools of statutory construction." *BSI Holdings*, 242 Ariz. at 624 ¶ 14. The court concluded that "day" means any fraction of a day in which the aircraft is on the ground, because "an administrative agency's interpretation of a

statute it implements is given great weight," *id.* at 623 ¶ 8; the common law interprets fractions of a day to constitute a day, *id.* at 624–25 ¶ 15; and ADOT's interpretation furthers the user-fee purposes of the aircraft tax statutes, *id.* at 625 ¶¶ 17–19. Although stating that the record strongly suggested that BSI did not qualify for the discounted rate under the court's definition of "day," *id.* ¶ 20, it remanded the case to the tax court to resolve that factual issue, *id.* at 625–26 ¶¶ 20, 23.

¶8 We granted review because the interpretation of § 28-8336 presents an issue of statewide significance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

¶9 We review questions of statutory construction and grants of summary judgment de novo. *BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365 ¶ 7 (2015). Our task in statutory construction is to effectuate the text if it is clear and unambiguous. *State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017). "Words in statutes should be read in context in determining their meaning." *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017). If the statute's text "yields different reasonable meanings, we consider secondary interpretation methods, including consideration of the statute's 'subject matter, its historical background, its effect and consequences, and its spirit and purpose.'" *Burbey*, 243 Ariz. at 147 ¶ 7 (quoting *State ex rel. Polk v. Campbell*, 239 Ariz. 405, 406 ¶ 5 (2016)).

¶10 Article 9, section 15 of the Arizona Constitution establishes a license tax on aircraft registered for operation in this state in lieu of ad valorem property taxes. The provision does not apply to "[a]ircraft owned by a nonresident who operates aircraft for a period not in excess of ninety days in any one calendar year, provided that such aircraft are not engaged in any intrastate commercial activity." Ariz. Const. art. 9, § 15(3).

¶11 Arizona's aircraft tax scheme prescribes various license tax rates for nonresidents who own noncommercial aircraft registered in this state. *See, e.g.*, A.R.S. §§ 28-8335 to -8341. Relevant here is A.R.S. § 28-8336, which establishes a license tax of 0.1% of the average fair market value of the aircraft when the "aircraft is based in this state for more than ninety

days but less than two hundred ten days in a calendar year."

**¶12**     Although the statute does not define "day," both sides argue that its meaning is clear.  Yet their respective definitions are as different as night and day: BSI and the tax court define "day" as a full 24-hour period, while ADOT and the court of appeals define it as any period of time within a day.

**¶13**     Because the legislature did not define "day" for § 28-8336 purposes, we look to the term's ordinary meaning.  Although "day" is a commonly used word, it has no fixed meaning.  When we speak of a term of days, e.g., the first hundred days of a presidential administration, we generally mean 24-hour days.  Yet in other situations, e.g., forty days and forty nights, we differentiate between days and nights.  In terms of work or play—"I work five days a week"—people generally understand we are talking about increments of days.  Sometimes days can embrace different fractions of days—"I went to the library every day this week"—and could mean ten minutes or 24-hours.  As demonstrated by these examples, most often the listener discerns the meaning of "day" based on the context in which it is used.

**¶14**     Dictionaries reflect these divergent meanings in both the ordinary and legal use.  *See, e.g., Day*, Merriam-Webster, http://www.merriam-webster.com/dictionary/day (last updated May 15, 2018) (variously defining "day" as "the time of light between one night and the next," "the period of rotation of a planet," "a specified time or period," or "the time established by usage or law for work, school, or business"); *see also Day*, Black's Law Dictionary (10th ed. 2014) (defining "day" as "[a]ny 24-hour period," the "period between the rising and the setting of the sun," or "[a]ny specified time period").

**¶15**     ADOT urges upon us the common law meaning of the term "day," which it argues we should adopt pursuant to A.R.S. § 1-201 (stating the common law, when not repugnant to the written law, "is adopted and shall be the rule of decision in all courts of this state").  The common law "deems any fraction of a day to be a 'day.'" *Maciborski v. Chase Serv. Corp. of Ariz.*, 161 Ariz. 557, 562 (App. 1989).  We find this argument unpersuasive

because the cases ADOT cites involve terms of days, such as statutes of limitations. In such circumstances, the question presented is whether the first and last fraction of a day should be counted with the understanding that the days in between are 24-hour days. Here, by contrast, the aircraft taxation statutes do not always involve a term of consecutive days. *See, e.g.*, § 28-8322 (exempting from taxation aircraft based in the state "not more than ninety consecutive days or ninety days in any one calendar year"). ADOT urges us to consider as a full day every fraction of a day, whether consecutive or not. But the common law definition addresses counting days in a different context and thus is not dispositive here.

¶16 Other definitions and uses of "day" in Arizona law cut in different directions. As the court of appeals noted, *BSI Holdings*, 242 Ariz. at 625 ¶ 19, the legislature sometimes has clarified when a specified time period refers to the entirety of that period. *See* A.R.S. § 28-8324(B)(1) ("full month"); §§ 11-1601(9), 48-3641(8) (defining "[w]orking day" as a 24-hour period). But several other statutes within Title 28 refer to days or parts of days, demonstrating that the legislature refers to fractions of a day when it wants to. *See* A.R.S. §§ 28-693(F), 28-708(E), 28-1387(C), 28-5707(B), 28-5921(D), 28-8290(A)(1)–(2). Unfortunately, the legislature did not use any of these clarifying terms here.

¶17 Nor are we bound to follow ADOT's present interpretation of the statute. Whatever deference we might pay to such an interpretation, *see Stambaugh*, 242 Ariz. at 512 ¶¶ 21–23; *see also id.* ¶ 25 (Bolick, J., concurring), none is due here. The term is not a technical one requiring expertise to construe it. Nor has the agency's position in this litigation been reduced to written policy, much less a considered and established rule. Conversely, ADOT promulgated a rule in the vehicle registration context defining "day" as "the 24-hour period from one midnight to the following midnight." Ariz. Admin. Code R17-4-301.

¶18 The statutes' purpose of generating fees from users does not dictate a clear outcome either. On one hand, if an aircraft begins the day in Arizona, flies to San Diego at lunchtime, then returns to Arizona, it may have imposed costs on the Arizona airport, yet its operations would not count as a day for tax purposes under BSI's formulation. Under ADOT's

definition, by contrast, an aircraft could briefly touch down in Arizona on multiple days and expose itself to higher tax rates even if it barely uses Arizona facilities.

**¶19**　　　　That brings us to the crux of the difficulty in determining the meaning of the word "day" in § 28-8336.  We must not interpret terms in isolation, but rather in their overall context.  *See, e.g.*, *Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, 325–26 ¶¶ 8, 12 (2011) (stating that the Court does not "consider words in isolation when interpreting statutes" and that "[s]tatutory terms . . . must be considered in context").  The context in which "day" is used is when an aircraft is "based in" Arizona.  "Based in" is also statutorily undefined and nebulous, and neither the parties, the tax court, nor the court of appeals provided significant analysis of this phrase.  Determining the meaning of the word "day" thus cannot dispose of the issue in this case because the statute cannot be meaningfully applied without also knowing what "based in" means.

**¶20**　　　　BSI conceded it was "based in" Arizona for the 24-hour periods it was on the ground during the years in question, a concession it may not now relitigate.  Thus, the only issue properly before us is whether, for purposes of § 28-8336, the aircraft was "based in" Arizona for fewer than 210 days during the calendar years in question; and that issue could turn on whether an aircraft ceases to be "based in" Arizona for tax purposes on days it leaves the state.

**¶21**　　　　In the tax court, ADOT said it "makes its determination of whether an aircraft is 'based in this state' by inspecting the totality of the circumstances, including: day count, the aircraft's use, and tie-down and hangar agreements."  But it never explained how it applies those factors.  Indeed, BSI disputes that ADOT has used any other criteria other than a day count.  Because the matter was decided on summary judgment, the tax court made no factual findings on this issue.

**¶22**　　　　"Base" is generally defined as "that on which something rests for support; foundation."  *Base*, Webster's New International Dictionary 225 (2d ed. 1944); *see also Base*, Webster's II New College Dictionary 92 (1995) (defining base as "a fortified center of operations").  Used as a verb in legal

parlance, it means "[t]o take up or maintain one's headquarters" or "to have one's main place of work in a particular place." *Base*, Black's Law Dictionary (10th ed. 2014). Those definitions imply more of a domiciliary analysis rather than physical presence alone. *Cf. DeWitt v. McFarland*, 112 Ariz. 33, 33–34 (1975) (establishing the domicile requirements for income tax purposes and that "one is never without a domicile somewhere"). Indeed A.R.S. § 28-8341(C), another aircraft tax statute, defines "maintenance aircraft" as one "that is not based in this state but that is present in this state solely for the purpose of maintenance, repair or servicing at a federal certified maintenance facility." That language suggests that "based" has a more technical meaning that is different than, and more than, mere physical presence. However, because "base" may have a technical meaning in this statutory or factual context, on the record before us we cannot determine its meaning and therefore cannot fully resolve the case without further proceedings.

¶23 The court of appeals held that "an aircraft is based in Arizona" for purposes of § 28-8336 "for any day during which it is physically present on the ground in this state for any period of time." *BSI Holdings*, 242 Ariz. at 625 ¶ 20. But "day" cannot be construed to sustain the court's holding that an aircraft's momentary presence on the ground in Arizona can count as a day for purposes of accruing tax liability. The legislature's use of the different terms "present" and "base," along with the common definition of "base," demonstrate that momentary physical presence alone cannot count as a day an aircraft is based in Arizona. Likewise, the purposes of the statute would be defeated if an aircraft that is based in Arizona loses that status merely because it briefly departs, so we reject BSI's contention that "day" means a full 24-hour period from midnight-to-midnight.

¶24 However, we cannot fully resolve whether BSI's aircraft qualifies for the lower, nonresident tax rate for the years in question without knowing what "based in" means, a question that was neither fully argued by the parties nor addressed by the courts below. We therefore remand to the tax court to determine the meaning of the term "based in" under § 28-8336, and then to determine how many days the aircraft was based in Arizona for tax purposes for the relevant period. In making those

determinations, the tax court should apply our holdings that an aircraft does not lose its Arizona base simply by leaving for part of a day, nor does it acquire an Arizona base merely by briefly touching down in the state. In other words, the court should count all days or fractions of a day when the aircraft was based in the state, even if it was not physically present there. It should not count days that the aircraft landed momentarily in Arizona when it was not based there.

¶25        If at the end of the day, having exhausted other statutory construction tools, the tax court determines the statute is still ambiguous, it should construe it in favor of the taxpayers. *Harris*, 233 Ariz. at 384 ¶ 23; *see also Capitol Castings*, 207 Ariz. at 447 ¶¶ 9–10. Tax statutes should provide clear notice of obligations so that taxpayers may comply and order their affairs accordingly. This rule of construction plays a role similar to the rule of lenity in the criminal context. *See, e.g.*, *State v. Bon*, 236 Ariz. 249, 253 ¶ 13 (App. 2014) (defining the rule of lenity as a "principle of last resort" where the court of appeals will "resolve ambiguity in favor of a defendant if the statutory language is unclear and other forms of statutory construction have failed to reveal the legislature's intent").

¶26        Although the legislature is best-positioned to define these terms, if the courts do so, we must as best we can make sense of the statutory scheme in its entirety before calling it a day.

## CONCLUSION

¶27        BSI's request for attorney fees is denied as it has not prevailed here on the merits. We vacate the court of appeals' opinion and remand the case to the tax court for proceedings consistent with this opinion.