NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DORA ELIZABETH NAVA-AMAYA, *Plaintiff/Appellant*,

*v.*

JANICE HORSTMAN, *Defendant/Appellee*.

No. 1 CA-CV 22-0736
FILED 11-30-2023

Appeal from the Superior Court in Maricopa County
No.  CV2022-052444
The Honorable Gary L. Popham, Judge *Pro Tempore*

**AFFIRMED IN PART, DISMISSED IN PART**

COUNSEL

Dora Elizabeth Nava-Amaya, Phoenix
*Plaintiff/Appellant*

Vial Fotheringham, LLP, Mesa
By Christina N. Morgan
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

---

**B A I L E Y,** Judge:

¶1        Dora Elizabeth Nava-Amaya appeals the superior court's dismissal of her injunction against harassment and award of attorneys' fees in favor of Janice Horstman.  For the following reasons, we affirm the dismissal of the injunction, but dismiss the attorneys' fee appeal because we lack jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2        In August 2022, Nava-Amaya petitioned for an injunction against harassment against Horstman, who served as the president of the community homeowner's association ("HOA") board where Nava-Amaya and Horstman lived.  Nava-Amaya alleged Horstman stole Nava-Amaya's property, verbally harassed Nava-Amaya, and instructed a contractor to take Nava-Amaya's property.  The superior court granted the ex parte injunction, and Nava-Amaya served Horstman the next month.  Horstman requested a contested hearing, and the superior court held the hearing over three days in October and November 2022.

¶3        Several days before the first hearing date, Nava-Amaya moved to continue to subpoena witnesses.  The superior court denied the motion, but Nava-Amaya later subpoenaed five witnesses, all of whom appeared on the second day of the hearing.

¶4        On the first day of the hearing, the superior court granted some of Nava-Amaya's accommodation requests, including her request for an interpreter.

¶5        On the second day, Nava-Amaya complained about perceived issues with the interpreter, including that she was hearing "a lot of interference" and "noise."  Nava-Amaya also alleged that Horstman was trying to coach a witness's testimony during Nava-Amaya's direct examination.  The superior court acknowledged Nava-Amaya's allegation but said the court did not see Horstman doing so.  Finally, Nava-Amaya sought to amend her petition, but the superior court denied her request.

**¶6** Less than a week before the third day, Nava-Amaya moved to continue the hearing until January 2023, stating she scheduled surgery and would be unable to appear at the November 10 hearing. The superior court denied the motion.

**¶7** Nava-Amaya failed to appear on the third hearing day. The superior court dismissed the injunction after finding Horstman's actions did not meet the definition of harassment under Arizona Revised Statutes ("A.R.S.") section 12-1809(T).[1] The court reasoned that Horstman, as board president, had Nava-Amaya's property removed to comply with the HOA's prohibition on residents placing personal property in common areas.

**¶8** Horstman filed a motion for attorneys' fees and mailed the motion to Nava-Amaya on November 14, 2022. The superior court granted the motion on December 1, 2022 and the clerk filed the judgment the next day.

## DISCUSSION

I. We have jurisdiction to review the injunction against harassment, but we lack jurisdiction over the attorneys' fees award.

**¶9** We have jurisdiction over Nava-Amaya's timely appeal of the superior court's dismissal of the injunction against harassment under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(5)(b). *See also* Ariz. R. Prot. Order P. 42.

**¶10** Although Horstman concedes that the superior court prematurely granted her motion, we lack jurisdiction over the attorneys' fees award.[2] The attorneys' fees judgment resolved the last issue before the court, so it should have been certified as a final judgment under Rule 54(c) of the Arizona Rules of Civil Procedure. *See* Ariz. R. Civ. P. 54(c); *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426, ¶ 6 (App. 2016). The attorneys' fee judgment directed the clerk to "enter judgment forthwith as

_____

[1] As is relevant here, A.R.S. § 12-1809(T)(1)(a) defines harassment as: "[a] series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose."

[2] Neither party has raised the issue, but we have an independent duty to assess jurisdiction. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019).

there exists no cause or reason for delay" but the court did not certify it under Rule 54(c). Thus, we have no jurisdiction.

II. Nava-Amaya's arguments involving pre-hearing errors and errors during the contested hearing are not moot.

**¶11** Nava-Amaya alleges she was denied due process and the superior court committed other errors before and during the contested hearing. Nava-Amaya served the injunction against harassment on Horstman on September 1, 2022. An injunction against harassment expires one year after the defendant is served. *See* Ariz. R. Prot. Order P. 25(i); A.R.S. § 12-1809(J). Thus, if it had not been dismissed, Nava-Amaya's injunction would have expired on September 2, 2023. *See State v. Lychwick*, 222 Ariz. 604, ¶ 1 (App. 2009) ("[I]n determining the validity of an injunction against harassment, the date of service is not included in the 'one year' calculation.").

**¶12** We generally do not consider moot questions.[3] *See Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012). An appeal is moot when our decision will not impact the parties. *Id.* Even so, we may consider the merits when it raises an issue of great public importance or one capable of repetition but evading review. *Id.*; *see also LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 9 (App. 2002). We may also consider the merits when the party risks suffering collateral consequences. *Cardoso*, 230 Ariz. at 618–19, ¶¶ 10–14. Moreover, we prefer to resolve a case on its merits, so we will address Nava-Amaya's arguments. *Ramos v. Nichols*, 252 Ariz. 519, 523, ¶ 13 (App. 2022).

III. Nava-Amaya has either waived her arguments, or they are meritless.

**¶13** Nava-Amaya argues she was denied due process because the superior court denied her accommodations under the Americans with Disabilities Act, allowed her interpreter to use malfunctioning equipment, and dismissed her allegation that Horstman was directing a witness's testimony. Nava-Amaya also argues that the superior court erred by dismissing her two motions to continue. Nava-Amaya, however, did not object on due process grounds in the superior court, and she has cited no legal authority supporting her argument the superior court erred by denying her motions to continue, so she has waived these claims on appeal.

---

[3] The parties have not raised mootness as an issue, but we may raise it on our own initiative. *See Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 230 (App. 1985).

*See Romero v. Sw. Ambulance*, 211 Ariz. 200, 203–04, ¶¶ 6–7 (App. 2005) ("[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal." (citations omitted)); Arizona Rules of Civil Appellate Procedure ("ARCAP") 13(a)(7)(A); *Cruz v. City of Tucson*, 243 Ariz. 69, 75, ¶ 23 (App. 2017).

**¶14**		Finally, Nava-Amaya argues the superior court erred in denying her request to amend her petition. We review the application and interpretation of court rules de novo. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). Rule 38(d) of the Arizona Rules of Protective Order Procedure states:

> At a contested hearing, if a plaintiff seeks to testify or present evidence about relevant allegations that were not included in the petition, the court must:
>
> (1) allow the plaintiff to amend the petition in writing on a form provided by the court, a copy of which the court must immediately provide to the defendant . . .

Ariz. R. Prot. Order P. 38(d).[4]

**¶15**		The superior court denied Nava-Amaya's amendment, stating she "would have had to amend [her] petition in advance of [the] hearing." The court should have considered the allegation and, if relevant, provided Nava-Amaya with a form to amend her petition. But Nava-Amaya was not harmed by the denial because the court could have dismissed the injunction when she failed to appear on the third day of the hearing. *See* Ariz. R. Prot. Order P. 38(f)(2) ("If the defendant appears for the contested hearing and the plaintiff fails to appear, and the plaintiff received actual notice of the hearing, the protective order will be dismissed."). Nava-Amaya had actual notice of the continued hearing date because she was present when the court scheduled it. Accordingly, the exclusion of evidence was harmless. *See Town of Paradise Valley v. Laughlin*, 174 Ariz. 484, 486–87 (App. 1992) ("[A]n error is harmless if there is no reasonable probability the verdict might have been different." (citation omitted)).

---

[4] The Arizona Rules of Protective Order Procedure govern cases brought under A.R.S. § 12-1809. Ariz. R. Prot. Order P. 1.

    IV.     We decline to award attorneys' fees, but we award Horstman her taxable costs.

**¶16**         Horstman requests attorneys' fees pursuant to ARCAP 21(a), but she has not articulated a legal basis for the award, so we decline the request. *See Grubb v. Do It Best Corp.*, 230 Ariz. 1, 5, ¶ 17 (App. 2012) ("[W]e will not award attorney fees when a party 'has failed to separately articulate an appropriate statutory basis for that request.'" (citation omitted)). *See also* ARCAP 21(a)(2) ("This Rule only establishes the procedure for claiming attorneys' fees and does not create any substantive right to them.").

**¶17**         Horstman may recover her taxable costs incurred in this appeal upon compliance with ARCAP 21. A.R.S. § 12-1809(P).

## CONCLUSION

**¶18**         For the reasons stated, we affirm the dismissal of the injunction but dismiss the attorneys' fee appeal because we lack jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED: AA

6